McCORD, Judge.
Appellants and appellee Brouwer appeal from a workers’ compensation order awarding certain benefits to Brouwer. We affirm in part and reverse in part.
In December 1977, appellee injured her back and leg in a work-related accident while employed as a waitress by appellant Suez Motel. Brouwer was a professional aquatic performer but was employed as a waitress during the “offtime” for employment in that field. At the time of the accident, she had worked for Suez Motel for only approximately 60 hours.
After the accident, the employer sent Brouwer to Dr. Grable for treatment. He released her in February 1978 to return to work with a zero percent disability. Throughout 1978 and in 1979, Brouwer secured several jobs, earning varying wages. During that time, she was sometimes employed as a waitress and sometimes worked as an announcer for aquatic shows, but did no aquatic performing. In March 1978, she suffered back pain when she sneezed and thereafter visited Dr. Struhl, her family doctor, who was not authorized. In July 1978, while working in New York, she stumbled when her leg did not clear a step and again injured her back. She consulted a Dr. Governale in New York at that time. Dr. Governale was not authorized. In her cross-appeal, Brouwer asserts that the JIC erred in refusing to award payment for the bills of the unauthorized doctors. However, § 440.13, Florida Statutes, sets forth the procedures for a claimant to follow to have a doctor authorized. Because Brouwer failed to follow those procedures in regard to Drs. Struhl and Governale, she is not entitled to payment for their bills. Therefore, we affirm on that point.
Appellants appeal the Judge of Industrial Claim’s finding that Brouwer’s average weekly wage at the time of the accident was $150, asserting that figure is too high. Brouwer cross-appeals on that point, asserting that the figure is too low. The evidence shows that Brouwer actually earned $136.90 for the 60 hours she worked at Suez Motel. According to her testimony, her work week consisted of approximately 48 hours. Therefore, the 60 hours for which she was paid encompassed more than one week’s work. Her actual average weekly wage, on the basis of the above figures, amounted to approximately $110 per week. Since Brouwer had not worked for Suez Motel for a substantial portion of the 13-week period prior to the accident, determination of her average weekly wage could not be made pursuant to § 440.14(1), Florida Statutes (1977). Therefore, the Judge of Industrial Claims heard testimony from allegedly “similar employees” pursuant to § 440.14(2), Florida Statutes (1977). One such similar employee was another waitress who testified that her average weekly wage was $96. Another waitress, Shelly Harris, a waitress and barmaid in the North Miami Beach area (where Brouwer worked) testified that she makes $150 in tips for a four-day week.
The Judge of Industrial Claims did not set forth the reasoning process by which he reached the figure $150 per week. Apparently, he relied on the testimony of Shelly Harris. However, Shelly Harris does not qualify as a similar employee. Her wages included earnings as a barmaid in addition to her earnings as a waitress. Also, she worked a four-day week, whereas Brouwer worked a six-day week. We find that there is no competent substantial evidence to support the Judge of Industrial Claims’ finding that Brouwer’s average weekly wage was $150. We, therefore, reverse on *629 that point and remand for a redetermination of average weekly wage that is supported by the evidence.
Appellees further argue that the Judge of Industrial Claims erred in finding that Brouwer has a 5% anatomical impairment and a 20% permanent loss of wage-earning capacity, entitling her to a 25% permanent partial disability rating. We agree and reverse for several reasons. Upon reexamination of Brouwer in April 1979, Dr. Grable gave her a 3% disability rating based upon subjective complaints. Dr. Struhl, who also examined Brouwer in April 1979, gave her a 5% disability rating at that time. Although the Judge of Industrial Claims assigned a 5% impairment rating without explanation for his acceptance of the 5% rating over the 3% rating, the omission does not on this record require redetermination of that point. Buro v. Dino’s Southland Meats, 354 So.2d 874 (Fla. 1978).
Further, without findings of ultimate fact and without any explanation, the Judge of Industrial Claims found that Brouwer has suffered a 20% permanent wage-earning capacity loss. Absent findings which reveal his reasoning or the basis of the award, the order is facially inadequate and must be remanded on this issue. Vargas v. Americana of Bal Harbour, 345 So.2d 1052 (Fla.1976). Pierce v. Piper Aircraft Corp., 279 So.2d 281 (Fla.1973).
The Judge of Industrial Claims also erred in adding the 5% permanent partial impairment rating to the 20% wage-earning capacity loss to reach a 25% permanent partial disability rating. Section 440.-15(3)(u), Florida Statutes (1977), provides that compensation paid shall be a percentage of disability assessed “provided, however, that for the purpose of this paragraph ‘disability’ means either physical impairment or diminution of wage-earning capacity, whichever is greater.” (Emphasis supplied.)
The Judge of Industrial Claims awarded Brouwer temporary benefits from December 5, 1977, through February 12, 1978. He made no finding as to a maximum medical improvement date. He did not award any benefits for the period from February 12,1978 (the date on which claimant was released to return to work), until April 23, 1979 (the date on which two doctors assigned a permanent disability rating). The evidence supports a conclusion that April 23, 1979, was the maximum medical improvement date, and, therefore, the Judge of Industrial Claims’ award of permanent partial disability benefits from that date was proper. The evidence would also support a conclusion that Brouwer was not incapacitated from working after February 12, 1978. However, since the order is not explicit on the point, we remand for findings and determinations by the Judge of Industrial Claims as to whether Brouwer suffered any compensable loss of earnings during the period from February 12, 1978, until April 23, 1979, for which temporary benefits should be paid.
Affirmed in part and reversed in part and remanded for reconsideration in light of this opinion, on the existing record.
MILLS, C. J., and WENTWORTH, J., concur.