PER CURIAM.
The employer appeals a workers’ compensation order which apparently awarded permanent partial disability (PPD) benefits based upon loss of wage earning capacity. We reverse in part and remand for clarification and further findings by the deputy.
Claimant sustained injuries in a compen-sable accident December 16,1978, for which the employer accepted a 10% permanent partial disability rating based upon anatomical impairment and paid PPD benefits for 17V2 weeks. Claimant sought PPD benefits in excess of that accepted by his employer contending he had sustained a loss of wage earning capacity in excess of his anatomical impairment as a result of his injuries. Following a hearing on the claim, the deputy entered an order finding that claimant had sustained an anatomical impairment of 10% of the body as a whole and “wage earning capacity impairment ... for additional 10% of the body” and ordered payment to the claimant of $125.00 per week for 35 weeks.
The employer argues, in part, that the order is facially inadequate to support an award based on loss of wage earning capacity, that the evidence is insufficient to support such an award, and that the deputy only intended an award of 15% permanent partial disability of the body as a whole.
*272 Since we find the order ambiguous and lacking in sufficient findings of fact so as to preclude meaningful review, we reverse and remand. The order lacks a specific finding as to claimant’s percentage of permanent partial disability.[1] We consider as inherently ambiguous the deputy’s finding of a wage earning capacity impairment of an “additional 10% of the body”. If this finding means that claimant suffered a diminution of wage earning capacity of 10%, then claimant was entitled to no further benefits.[2] If, however, this finding means claimant suffered a diminution of wage earning capacity of 20%, then claimant would be entitled to benefits for 70 weeks.[3] § 440.15(3)(u)(2), Fla.Stat. (Supp. 1978). Because we are unable to glean the deputy’s intent from the order, we find it impossible to review the employer’s contentions as to the propriety of the award of benefits based upon loss of wage earning capacity. Accordingly, the order, insofar as it awards compensation benefits to claimant, must be reversed and the cause remanded for reconsideration and clarification in light of this opinion, on the existing record. We also reverse and remand the award of attorney’s fees for reassessment in light of the total amount of benefits obtained for claimant by his attorney.
We have considered the employer’s contention that the deputy erroneously awarded future remedial medical care and medical transportation expenses. Since we find no prejudical error, we affirm that portion of the order. G. & S. Packing Co. v. Driggers, 382 So.2d 446 (Fla. 1st DCA 1980). Similarly, we find no prejudicial error in the admission into evidence, over objection, of claimant’s deposition. See, Ceco Corp. v. Banks, IRC Order 2-2386 (August 22,1973), cert. denied 289 So.2d 7 (Fla.1974); Brock v. McCrory’s, IRC Order 2-2154 (November 3, 1972). Contrast, Kundrick v. Nick Dell Aquila & Associates, IRC Order 2-3409 (April 24, 1978).
Accordingly, the order is affirmed in part, reversed in part and remanded for further proceedings consistent herewith.
BOOTH and JOANOS, JJ., and PEARSON, TILLMAN (Retired), Associate Judge, concur.

.Section 440.15(3)(u), Florida Statutes (Supp. 1978) defines disability as “either physical impairment or diminution of wage-earning capacity, whichever is greater.” See generally, Suez Motel v. Brouwer, 388 So.2d 627 (Fla. 1st DCA 1980).

. Claimant’s diminution of wage earning capacity would not exceed his anatomical impairment, and claimant had already received the compensation benefits due for 10% PPD.

. The award would, of course, have to offset by the 17‘/2 weeks of benefits previously paid by the employer.