240 So.2d 4 (1970)
Harry DAVIS, Petitioner,
v.
EDWIN M. GREEN, INC., Aetna Casualty & Surety Insurance Co. and the Industrial Relations Commission, Respondents.
No. 39492.
Supreme Court of Florida.
October 7, 1970.
L. Barry Keyfetz, Ser, Greenspahn & Keyfetz, Miami, for petitioner.
Roland Gomez, Kates & Ress, North Miami, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
ADKINS, Justice.
Petitioner-claimant suffered an eye injury. Benefits for 23 per cent disability were paid voluntarily by respondent employer. Petitioner contended additional benefits were merited, and sought these. Twice petitioner scheduled workmen's compensation hearings to establish his claim which both times were unilaterally cancelled by the employer. The employer's physician declined to discuss the case with claimant's counsel. A third hearing was scheduled at claimant's request, and the employer's physician was deposed, giving evidence justifying 100 per cent disability; after deposition and before the hearing, the employer conceded that the additional benefits were due, and commenced payment.
The employer resisted payment of attorneys' fees to claimant's counsel for the additional benefits, contending that the additional payments were voluntarily made, and no fees were entitled under Fla. Stat. § 440.34(1), F.S.A. Employer contended *5 it commenced the payments as soon as it was informed they were due. The Judge of Industrial Claims concluded that no attorneys' fees were due. The Industrial Relations Commission affirmed.
We reverse. The Florida Workmen's Compensation Law does not contemplate that an employer may insulate itself from knowledge that benefits may be due to a claimant and then, when its wall of willful ignorance is breached by claimant's attorney, commence "voluntary" payments and resist payment of attorneys' fees. As this Court stated in Thompson v. W.T. Edwards Tuberculosis Hospital, 164 So.2d 13 (Fla. 1964).
"Our conclusion harmonizes with the philosophy of workmen's compensation to the end that an employee shall receive the benefits to which he is entitled with reasonable promptness, consistent with the employer's right to make a reasonable investigation regarding his liability." (p. 15)
An employer who does not exercise his right to investigate, and who forces the burden of proving liability on the claimant to the extent the claimant requires assistance of an attorney for depositions or other actions, is not protected from payment of attorneys' fees by ignorance resulting from failure to investigate liability.
The decision of the Industrial Relations Commission is quashed. This cause is remanded to the Commission for further remand to the Judge of Industrial Claims for the purpose of determining the amount of and awarding reasonable attorneys' fees.
It is so ordered.
ERVIN, C.J., and THORNAL, CARLTON and BOYD, JJ., concur.