319 So.2d 13 (1975)
LEHIGH PORTLAND CEMENT CO. and Travelers Insurance Company, Petitioners,
v.
Wesley BRANCH and Industrial Relations Commission, Respondents.
No. 46433.
Supreme Court of Florida.
July 16, 1975.
Rehearing Denied October 16, 1975.
Bernard S. Shapiro, of the Law Offices of Joel R. Teague, Miami, for petitioners.
Gerald B. Shaw, Miami, for respondents.
ENGLAND, Justice.
By petition for writ of certiorari we are asked to review a decision of the Industrial Relations Commission awarding attorneys' fees. We have jurisdiction under Article V, Section 3(b)(3) of the Florida Constitution (1972).
The sole issue to be determined is whether petitioner is liable for attorneys' fees under Section 440.34(1), Florida Statutes (1973), which requires the award of fees where an employer fails to pay benefits on or before the twenty-first day after notice of a claim.
Respondent was injured in the course of his employment on September 28, 1972 and *14 he was promptly provided medical treatment. Petitioner timely paid, without contest, all of respondent's temporary benefits required under the workman's compensation law. On November 6, 1972, respondent returned to full employment with petitioner. From April 4 to mid-May, 1973, petitioner again voluntarily paid temporary benefits to respondent while he was undergoing medical treatment. Respondent again returned to full employment with petitioner on May 17 and has remained on the job since that time.
Respondent's treating physician routinely examined him on June 13, 1973, but in contrast to previous visits he concluded that further treatment was unwarranted. The physician delayed until July 27 his decision and report on the appropriate disability rating, at which time he notified petitioner of his conclusion. On August 6, petitioner voluntarily commenced payment of permanent partial disability benefits based on the physician's report.
Petitioner filed a claim and contested the physician's disability rating. The Judge of Industrial Claims approved the physician's rating and denied respondent any attorneys' fees. The Industrial Relations Commission reversed as to attorneys' fees, holding that the employer failed to provide benefits within 21 days of the physician's examination. The Commission erred.
Section 440.34(1) unambiguously states that the 21-day period begins to run from the date on which the employer and carrier "have notice of (a claim)". Notice in this case was not given until July 27, when the physician dictated his report and arrived at his rating. There was no possible way that the employer could know, prior to being notified, that the physician's examination on June 13 would result in a permanent partial disability rating. This case is similar to and governed by Paul Smith Constr. Co. v. Florida Ind. Comm'n, 93 So.2d 735 (Fla. 1957).[1] The decision of the Industrial Relations Commission as to attorneys' fees is quashed and that portion of the order of the Judge of Industrial Claims is reinstated.
ROBERTS, BOYD and OVERTON, JJ., concur.
ADKINS, C.J., dissents.
NOTES
[1] There is no evidence in the record to support the Commission's conclusions either (i) that the physician determined the permanent rating on June 13 rather than July 27, or (ii) that petitioner insulated itself from information available on that earlier date.