382 So.2d 446 (1980)
G & S PACKING CO. and Florida Farm Bureau Insurance Company, Appellants,
v.
Elizabeth M. DRIGGERS, Appellee.
No. QQ-427.
District Court of Appeal of Florida, First District.
April 18, 1980.
*447 Jack A. Langdon and Anthony J. Salzman of Jones & Langdon, Gainesville, for appellants.
Thomas W. Davis of Barton & Cox, Gainesville, for appellee.
WENTWORTH, Judge.
Employer/carrier appeals and claimant cross appeals a worker's compensation order finding permanent benefits had been paid and awarding medical benefits and costs. We reverse in part.
Claimant sustained an industrial accident on April 24, 1975, resulting in injury to her foot. Claimant received medical treatment from various doctors and temporary disability benefits were paid until March 1, 1976. A claim for compensation was filed on October 21, 1977, and claimant's attorney contacted the treating physician in order to obtain a permanent impairment rating. By a letter dated March 9, 1978, the doctor indicated that claimant's disability "amounts to not greater than 5% to lower extremity". Claimant's attorney forwarded a copy of this letter to the carrier, who received it on March 17, 1978. The carrier took no action upon receipt of this letter. An application for hearing was filed, and the doctor's deposition was taken on March 14, 1979, at which time the doctor indicated that the claimant had sustained a 5% permanent partial impairment of the foot, or a 2 1/2% permanent partial impairment of the lower extremity. The carrier accepted this rating and commenced payment of 5% permanent partial disability as of March 22, 1979.
Claimant's injury has necessitated the use of orthopedic shoes which were prescribed by her doctor. Although the carrier had paid the full costs of such shoes, and professes its willingness to continue to do so in the future, during settlement negotiations it was suggested that, for purposes of determining a settlement amount, only the difference in price between orthopedic shoes and regular shoes should be considered.
At the commencement of the hearing on May 16, 1979, the claimant's attorney indicated that a change of physician was desired. There was some uncertainty as to whether this issue had been properly noticed for hearing and the deputy commissioner initially indicated that he would "go ahead and hear" the issue, but later stated that the issue was not properly noticed and thus would not be heard or determined. An order was entered on June 1, 1979, awarding the claimant a change of physician, orthopedic shoes, and costs. It was also found that claimant's attorney is entitled to a fee, taking into consideration that he obtained a change of physicians.
Appellant asserts error (1) in awarding a change of physician, and (2) in awarding orthopedic shoes. The basis for attorney's fees is argued both by appellant and by appellee on cross-appeal.
As to the appellant's first issue, under prior construction of the law the deputy commissioner may award only such benefits as were properly claimed. CECO Corp. v. Lavin, IRC Order 2-2975 (June 11, 1976). When benefits have been requested, the request need not be renewed before the deputy commissioner in order to satisfy due process notice requirements. Bay Plumbing Inc. v. Harbin, 337 So.2d 799 (Fla. 1978). The appellant in the present case has not alleged prejudice or surprise. However, the deputy commissioner by express statement clearly excluded the "change of physician" issue from the scope of the hearing, and the record reflects no waiver by appellant of *448 the express objection to hearing that issue. The deputy commissioner should not have ruled on the issue or made any award with respect thereto. LaMar Coffee Shop v. Taylor, IRC Order 2-3531 (September 11, 1978); Adams Packing Assoc. v. Reedes, IRC Order 2-3139 (April 20, 1977), cert. denied, 353 So.2d 673 (Fla. 1977).
On appellants' second point, the deputy commissioner properly accepted a statement by the carrier's attorney that responsibility for the full costs of orthopedic shoes had never been denied. Grillo v. Big "B" Ranch, 328 So.2d 429 (Fla. 1976). He should not then have proceeded to award that benefit, since this was not a contested issue. But since the carrier has conceded its continuing responsibility to provide such shoes, both before the deputy commissioner and on appeal, it would appear that error in making the award was harmless except for potential effect on any attorney's fee which may be due.
As to the question of attorney's fees, an award of fees under the statute applicable to this claim is warranted if the employer/carrier "shall decline to pay a claim on or before the 21st day after they have notice of same... ." § 440.34(1), Fla. Stat. (1973). This 21 day "notice of a claim" provision begins to run upon notice of an employee's disability rating where there was "no possible way that the employer could know, prior to being notified, that the physician's examination . . would result in a permanent partial disability rating." Lehigh Portland Cement Co. v. Branch, 319 So.2d 13 (Fla. 1975). However, as indicated in Davis v. Edwin M. Green, Inc., 240 So.2d 4 (Fla. 1970):
An employer who does not exercise his right to investigate and who forces the burden of proving liability on the claimant to the extent the claimant requires assistance of an attorney for depositions or other actions, is not protected from payment of attorney's fees by ignorance resulting from failure to investigate liability.
In the present case claimant's attorney was forced to actively seek the doctor's opinion as to any permanent disability, which the doctor expressed as "not more than 5%" in a letter which claimant's attorney forwarded to the carrier. This letter was sufficient notice to require the carrier to investigate and accept the claim within 21 days if it wished to avoid liability for attorney's fees. The carrier did not accept any disability rating until after the doctor's deposition by the claimant's attorney almost a year later. In such circumstances, the deputy commissioner should award a fee for the effort of claimant's attorney in securing this benefit. Osteen v. Georgia-Pacific Corp., IRC Order 2-3383 (March 24, 1978), cert. denied, 367 So.2d 1123 (Fla. 1979); Thomas v. Lindsley Lumber, 8 FCR 52 (1973), cert. denied, 281 So.2d 193 (1973).
Although the deputy commissioner merely found entitlement to a fee, without an award of any specific amount, the effect of his findings is to predicate the fee only upon the attorney's services regarding the "change of physician" issue. Clay Hyder Trucking Line v. Atherton, IRC Order 2-3827 (May 21, 1979), indicates that the present appeal is an appropriate time to address the issue of what benefits should be considered in connection with the attorney's fee. Neither the erroneous "change of physicians" award nor the uncontested orthopedic shoes award should be considered in determining the amount of the fee, but as indicated above the award of permanent benefits should be considered for that purpose.
The order is accordingly affirmed in part and reversed in part and remanded for further proceedings consistent herewith.
McCORD and LARRY G. SMITH, JJ., concur.