PER CURIAM.
The employer/carrier appeals the judge of industrial claims’ order awarding claimant 75% permanent partial disability based on a scheduled injury and a psychiatric disability affecting the body as a whole. We reverse in part.
Vives was injured on October 3, 1974, when the tips of his index, middle and ring fingers were cut off by an electric saw. His claim was field and heard; an order was entered by the judge of industrial claims on October 27, 1975, finding that Vives was excused from a job search and awarding him permanent and total disability-
On July 27,1976, the Industrial Relations Commission reversed, ruling that claimant’s condition was not such as to excuse a job search and that his job search was inadequate for permanent and total disability. The Industrial Relations Commission agreed that claimant suffered permanent disability but limited compensation to the “schedule of benefits provided by § 440.-15(3), F.S.”, remanding for entry of an- order in accordance with the decision.
After various additional procedural problems, the case was reassigned. The judge of industrial claims then entered his order on the same record finding claimant 75% permanently and partially disabled, based on loss of wage earning capacity, using § 440.15(3)(u), Florida Statutes (1973).
On appeal from this order, appellant raises the following issues:
(1) Whether the judge of industrial claims erred in interpreting the Industrial Relations Commission’s order of July 1976, to mean that claimant sustained a permanent physical impairment to the body as a whole.
(2) Whether there is competent, substantial evidence in accord with logic and reason to support the judge’s finding that claimant suffered a 75% wage earning capacity loss.
(3) Whether the judge erred in holding the employer/carrier responsible for the payment of Dr. Gilbert’s treatment when the employer/carrier was providing necessary treatment, claimant failed to request additional treatment, and Dr. Gilbert’s treatment was neither remedial nor reasonable and necessary.
(4) Whether the judge erred in awarding costs and an attorney’s fee.
As to appellant’s first point, we reverse. A careful review of the record and *268 the Industrial Relations Commission’s order of July, 1976, leads us to conclude that the Industrial Relations Commission accepted that claimant had suffered a scheduled injury in the 1974 accident and had suffered an injury to the body as a whole from that same accident. When one accident results in a scheduled injury and a separate injury to the body as a whole, the proper procedure for compensation is .that set out in Grao v. Fontainebleau Hotel, 8 FCR 354, 356, cert. denied, 300 So.2d 900 (Fla.1974):
When there are two distinct injuries, one to a scheduled member and one to the body as a whole, even if both are incurred during the same accident, they may both be compensated for separately as long as the injury to the body as a whole is not the result of the injury to the scheduled member.
Vives is entitled to compensation for a 20% permanent partial disability of his right hand, and he is entitled to compensation for the 10% permanent partial psychiatric disability.
With regard to appellant’s points 2 and 3, the case of Brevard Board of County Commissioners v. Caldwell, 379 So.2d 1031 (Fla. 1st DCA, 1980), is controlling. There, as here, the Industrial Relations Commission held that claimant had not undertaken a sincere work search and therefore was not entitled to permanent and total • disability. The court ruled that this Industrial Relations Commission ruling was res judicata on the adequacy of the work search. We, therefore, reverse the judge’s finding of 75% loss of wage earning capacity.
Although the reasonableness or necessity of Dr. Gilbert’s treatment was raised in the Application for Review on the initial appeal of this case, it was not pursued. Appellant has waived any challenges to payment of Dr. Gilbert’s bill. See Brevard Board of County Commissioners, supra. We affirm.
With regard to point 4, the employer/carrier took the position below and on appeal that Vives was entitled only to permanent partial disability for the injury to his hand, and had been compensating Vives accordingly. Vives’ attorney stipulated benefits were being paid on this basis and acknowledged he was entitled to a fee based only on benefits obtained above and beyond those being paid. We agree. Claimant is entitled to a fee based only upon those benefits which were contested and other applicable criteria. See G & S Packing Company v. Driggers, 382 So.2d 446 (Fla. 1st DCA, 1980).
Affirmed in part, reversed in part and remanded with instructions to the judge of industrial claims to enter an order awarding claimant compensation for a 20% disability of the hand and for the 10% disability to the body as a whole.
McCORD, LARRY G. SMITH, and WENTWORTH, JJ., concur.