384 So.2d 709 (1980)
Lisa E. SMITH, Appellant,
v.
DIXIE PACKERS, INC., and Crawford & Company, Appellees.
No. PP-414.
District Court of Appeal of Florida, First District.
June 2, 1980.
Rehearing Denied July 1, 1980.
*710 W. Roderick Bowdoin of Darby, Peele, Page & Bowdoin, Lake City, for appellant.
Charles Vocelle of Brannon, Brown, Norris, Vocelle & Haley, Lake City, for appellees.
LARRY G. SMITH, Judge.
The sole issue in this worker's compensation appeal is whether the Judge of Industrial Claims was in error in denying an award of attorney's fees to the claimant's attorney. In denying attorney's fees, the Judge relied upon the carrier's acceptance of 100% disability of claimant's eye within twenty-one days after being advised of claimant's condition by letter from claimant's attorney, enclosing a report from the treating physician advising of appellant's increased disability. The claimant contends that the employer and carrier ignored her claim for increased benefits filed months before acceptance of the increased disability, ignored complaints that her vision was getting worse, failed to provide her with medical attention, and would never have had her reexamined, or increased her disability rating, without the assistance of her counsel. We agree with the claimant's position, and reverse.
It is undisputed that claimant received a compensable injury to her left eye. On May 8, 1978, Dr. Fitzgerald, the treating physician, found that claimant had reached maximum medical improvement, with a 35% partial impairment to her left eye. The carrier accepted this rating and commenced permanent partial disability benefits. Shortly thereafter, claimant filed her claim seeking increased disability. She testified that she also informed her employer, and the carrier's representative, that her vision was getting worse. Her complaints were ignored. She stated that her attorney was the one who advised her to see a physician, even if she had to pay for it herself. As a result of her attorney's instructions, she returned for reexamination by Dr. Fitzgerald. In March, 1979, tests were performed at Shands Teaching Hospital in Gainesville. On April 1, 1979 claimant applied for a hearing, and notice of hearing was sent stating that it was for the purpose of determining whether claimant was entitled to additional permanent partial disability benefits. Claimant's attorney wrote to the treating physician, Dr. Fitzgerald, requesting an opinion whether the claimant would have a total loss of vision in the left eye. Dr. Fitzgerald responded, advising claimant's attorney that the claimant "may totally lose vision, but the present visual level is already that of legal blindness." On May 1, 1979, promptly upon receipt of Dr. Fitzgerald's report, claimant's attorney wrote to the employer-carrier attaching a copy of Dr. Fitzgerald's report. On May 14, 1979, the carrier accepted the increased disability, and commenced payment of 100% disability of the eye.
It is clear from the foregoing that the reexamination, testing, and the communication to the carrier showing claimant's additional loss of vision, were the products of her attorney's efforts. The employer-carrier had nearly one year from the date claimant filed her claim for additional benefits within which to have her reexamined, treated if necessary, and to determine whether her condition was, indeed, getting worse as she complained to her employer and the carrier's representative. During this entire time the carrier did nothing.
We think this is a classic case of the employer-carrier's attempt to insulate themselves from the plight of the claimant, and thereby erect a "wall of willful ignorance" as justification for their failure to investigate and determine the merits of a claim. See Colvin v. State, Department of Transportation, 311 So.2d 366 (Fla. 1975). It was simply too late, after the carrier received a letter and the medical report from claimant's attorney, for it to accept liability for 100% loss of the eye, and thereby avoid attorney's fees. The employer-carrier cannot *711 insulate themselves from knowledge of the claimant's disability rating, nor can they abdicate their investigative responsibility by inaction. Woodworth v. Benedict and Jordan Construction Company, IRC Order 2-2693 (September 10, 1974), cert. den. 312 So.2d 198 (Fla. 1975); Osteen v. Georgia-Pacific Corporation, IRC Order 2-3383 (March 24, 1978). An employer or carrier who does not exercise the right and duty to investigate, and who forces the burden of proving liability on the claimant to the extent that the claimant requires assistance of an attorney for actions necessary to perfect the claim, is not protected from payment of attorney's fees by ignorance resulting from failure to investigate. Davis v. Edwin M. Green, Inc., 240 So.2d 4 (Fla. 1970). The cases relied upon by the employer-carrier are not applicable. This case does not involve a simple matter of a physician's delay in reporting the appropriate disability, Lehigh Portland Cement Company v. Branch, 319 So.2d 13 (Fla. 1975); there was no retroactive finding of a maximum medical improvement date, General Services of Florida v. Acquaviva, IRC Order 2-3151 (April 29, 1977), cert. dismissed 354 So.2d 978 (Fla. 1977); and the date of notice of the claimant's increased disability which was held to trigger the twenty-one day period in Jones Miami Beach Express v. Mula, IRC Order 2-3245 (October 3, 1977), cert. den. 361 So.2d 834 (Fla. 1978), is not the crucial date for determination of the timeliness of the carrier's acceptance of increased liability under the circumstances of this case.
The order appealed is reversed and remanded for award of attorney's fees consistent with this opinion.
McCORD and WENTWORTH, JJ., concur.