McCORD, Judge.
Appellant raises 12 points in this appeal from an order on his workers’ compensation claim. We reverse on some points and re *619 mand the case for reconsideration or further determination.
On September 17, 1977, while employed by Red Bishop Roofing, appellant suffered a compound fracture to his right leg, abrasions to the left leg, and injury to his back and left shoulder in a work-related accident. At the time of the accident, appellant was working only part time for approximately $5 an hour, although he desired to work full time but could not obtain full-time work due to a work shortage. His employer testified that appellant always worked when called. The evidence in the record of average weekly wage is sparse and relatively inconclusive. Without setting forth any ultimate facts supporting his conclusion, the Judge of Industrial Claims declared that a fair value of appellant’s average weekly wage is $60. On the basis of that determination and considering that appellant was only a part-time employee, without reference to any evidence that he had adopted part-time employment as his customary practice, the Judge of Industrial Claims determined that appellant’s compensation rate is $36 per week. On the basis of that compensation rating, he computed the temporary total disability and permanent partial disability benefits awarded. Because the Judge of Industrial Claims failed to set forth the findings of ultimate fact upon which he relied in determining average weekly wage, as required by § 440.-25(3)(c), we cannot review the sufficiency of the average weekly wage factor which so heavily influenced the compensation rate assigned. Therefore, we reverse and remand for a more in-depth determination of average weekly wage and for reconsideration of the compensation rate accordingly.
Appellant made a claim for rehabilitation benefits which employer/carrier disputed. At the hearing, appellant’s attorney represented to the Judge of Industrial Claims that appellant’s position at that time was that employer/carrier was not obligated to pay rehabilitation benefits since appellant had not been enrolled in any state rehabilitation program up through that period of time. In his order, the Judge of Industrial Claims merely stated that appellant was not entitled to rehabilitation benefits at that time because he is not in a state-approved program. Appellant cites that finding as error since the Judge of Industrial Claims had previously stated that he would reserve ruling on that question until a later date, and, therefore, appellant did not present further evidence on that point. Section 440.49(1), Florida Statutes (Supp.1978), provides for injured claimants to receive rehabilitation benefits. That statute declares:
(1) In eases in which it appears that disability probably will be permanent, the division shall assist injured employees to obtain appropriate training, education and employment and may cooperate with federal and state agencies for vocational education and with any public or private agency cooperating with such federal or state agencies in the vocational rehabilitation of injured employees ... All hearings arising under this subsection shall be conducted by judges of industrial claims pursuant to s. 440.25. However, no judge of industrial claims shall assume jurisdiction to approve or disapprove rehabilitation under this provision until the division has been given reasonable time to evaluate the injured worker...
Keith v. City of Altamonte Springs, 344 So.2d 555 (Fla.1977), declared that § 440.-49(1) “prohibits judges of industrial claims from assuming jurisdiction over rehabilitation programs until the division has had an opportunity to evaluate the injured worker and advise all parties as to any rehabilitation program which it would propose ...” Since the Judge of Industrial Claims in this case apparently had never received the proper report, he did not err in declining to award rehabilitation benefits at this time. Appellant has not been harmed by that ruling since he is free to present the question again when it is ripe for determination.
Appellant disputes the Judge of Industrial Claims’ finding that appellant reached maximum medical improvement on February 5, 1979, asserting that no competent substantial medical evidence supports a *620 finding that maximum medical improvement as to all injuries has been reached. In making his determination, the Judge of Industrial Claims stated that he relied on the testimony of Dr. Rieman that, as to the orthopedic injuries to the right leg, appellant reached MMI on February 5, 1979. In regard to the left leg, the Judge of Industrial Claims stated that he relied on the testimony of Dr. Bolt, a plastic surgeon, who testified that, as of December 5, 1978, which was the last time he saw appellant, his treatment of the ulcerated wound on the left leg, caused by the abrasion sustained in the accident and aggravated by pre-existing scarring on that leg due to a prior burn injury, was only palliative and not curative. However, at the same time, Dr. Bolt also stated that appellant’s left leg wound had not reached maximum medical improvement; that it should continue to heal to a certain extent. Another doctor, Dr. Luskin, who also treated the left leg wound was of the opinion, as of February 13, 1979, that the left leg wound had not reached maximum medical improvement. The Judge of Industrial Claims specifically rejected that testimony. Although Dr. Rieman’s testimony does provide competent substantial evidence to support a finding of maximum medical improvement of the right leg, no competent substantial evidence supports a conclusion that appellant’s left leg has reached maximum medical improvement, and the Judge of Industrial Claims erred in so finding. We remand on this point for the taking of further evidence to determine if and when appellant reached MMI as to all of his injuries.
Appellant challenges the Judge of Industrial Claims’ finding that appellant was temporarily totally disabled from September 17, 1977, to February 5, 1979, asserting that temporary total disability benefits should continue since maximum medical improvement has not been reached. We remand for reconsideration of the temporary total disability period in accordance with the remand as to the maximum medical improvement date.
The Judge of Industrial Claims awarded permanent partial disability benefits for the right leg and the body as a whole, but he found that appellant has sustained no permanent partial disability of the left leg. Appellant asserts that the Judge of Industrial Claims erred in finding that appellant has sustained no permanent partial disability of the left leg and in failing to award greater benefits based on the loss of wage-earning capacity. The disability findings made as to the right leg and to the body as a whole, as well as absence of proof of earning capacity loss, appear to be supported by competent substantial evidence, but our review of the merits of appellant’s arguments on all these points would be premature in light of our remand for reconsideration of total maximum medical improvement including the left leg. Prematurity for the same reason precludes disposition of the merger argument presented by appellant. We remand as to those points also for reconsideration in keeping with the above remand.
In his last point on appeal, appellant asserts that the Judge of Industrial Claims erred in allowing credit for overpayment of temporary total disability benefits to be taken against permanent partial disability benefits awarded. Although a reading of the order shows that the Judge of Industrial Claims did not allow credit for dissimilar benefits, since the awards given are stricken because of our remand of the case, that point has been rendered moot.
Affirmed in part, reversed in part, and remanded for further consideration in light of this opinion.
LARRY G. SMITH and WENTWORTH, JJ., concur.