397 So.2d 341 (1981)
Ronald MASSEY, Appellant,
v.
NORTH AMERICAN BIOLOGICALS and Liberty Mutual Insurance Company, Appellees.
No. WW-133.
District Court of Appeal of Florida, First District.
April 7, 1981.
Rehearing Denied May 14, 1981.
*342 Scott V. Berglund, of Abrams & Suskin, North Miami Beach, for appellant.
H. George Kagan, of Miller, Hodges & Kagan, Miami, for appellees.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Claimant in a workers' compensation proceeding seeks review of an order denying an award of attorney's fees. We reverse.
On July 25, 1977, claimant suffered a compensable injury to his right knee. The employer authorized medical attendance by Dr. Drucker, an orthopedic surgeon. Surgery was eventually performed, and claimant continued under the post-operative care of Dr. Drucker who, upon examination of claimant on April 5, 1979, advised claimant to continue with a prescribed exercise program and to return at the end of the week. Up to that time Dr. Drucker had expressed no opinion concerning whether claimant had reached maximum medical improvement nor the nature or extent of permanent disability, if any.
Instead of returning to Dr. Drucker, claimant, at the request of his attorney, went to Dr. Turke, a general surgeon, for the purpose of an examination and a determination of whether claimant had any permanent disability as a result of his industrial injury. After Dr. Turke examined claimant, he prepared a written report dated August 1, 1979, opining that claimant had reached maximum medical improvement and had sustained a 10% permanent partial disability of the leg as a result of the industrial injury.
On August 17, 1979, the carrier's workers' compensation supervisor wrote to claimant's attorney (a) acknowledging receipt of the claim and the report of Dr. Turke, (b) denying that Dr. Turke had been authorized to treat the claimant, (c) refusing to accept Dr. Turke's rating of 10% permanent partial disability or any responsibility for his bill, and (d) concluding with the following statement:
"If you wish to pursue this matter in an amicable fashion, please contact me and we will make the arrangements for Mr. Massey to be examined by Dr. Drucker."
On this latter note, the matter remained dormant for five months, until, as a result *343 of a further letter from claimant's attorney, the carrier took the initiative to have claimant again examined by Dr. Drucker for the purpose of determining claimant's permanent disability rating. As a result of that examination, Dr. Drucker rated claimant as having sustained a 15% permanent partial disability of the leg, which rating the carrier promptly accepted and paid.
At hearing, all issues were settled by stipulation except entitlement to attorney's fees, and on that issue the deputy determined that there existed no basis for the imposition of attorney's fees against the carrier.
At that time the applicable statute, Section 440.34(1), Florida Statutes (1977), provided, in relevant part, as follows:
"... if the employer or carrier ... shall decline to pay a claim on or before the twenty-first day after ... notice of same ... and the claimant shall have employed an attorney at law in the successful prosecution of the claim, there shall, in addition to the award for compensation, be awarded a reasonable attorney's fee... ."
The claim in this case was filed July 11, 1979.[1] While ordinarily the twenty-one day period begins to run when the employer receives notice that a claim has been filed, the mere filing of a claim will not operate as notice if the claim itself does not contain sufficient information to enable the employer to initiate an investigation. Gulfstar, Inc. v. Gordon, IRC Order 2-3267 (1977).
The rationale of this was recently explained by Judge Joanos, speaking for this Court in the case of The Latt Maxcy Corporation, et al. v. Mann, 393 So.2d 1128 (First District Case 1981), wherein, in discussing this point, he stated:
"This result follows logically from the recognition that during the 21-day period provided by the statute, the employer has both the right and the duty to make a reasonable investigation regarding the validity of the claim. Davis v. Edwin M. Green, Inc., 240 So.2d 4 (Fla. 1970); Thompson v. W.T. Edwards Tuberculosis Hospital, 164 So.2d 13 (Fla. 1964); Smith v. Dixie Packers, Inc., 384 So.2d 709 (Fla. 1st DCA 1980). Under a reasonable interpretation of Sec. 440.34(1), the right to investigate must be read in conjunction with the statutory requirement that the employer receive "notice" of a claim. Certainly the legislature intended to give employers a 21-day decision-making period which could be used constructively to arrive at an informed decision. In order for the employer's right to investigate to have any substance, the employer must know enough about the claim to be able to independently evaluate its validity. Thus, "notice" of a claim for statutory purposes occurs when the employer first receives sufficient information on which it may begin an investigation.
We need not and do not decide that the nonspecific claim, filed July 11, 1979, triggered the commencement of the twenty-one day period. We do hold that the carrier was "on notice" from the time it received Dr. Turke's written report dated August 1, 1979, since at that time the carrier then had sufficient information upon which it might begin an investigation as to claimant's having reached maximum medical improvement and having sustained a permanent partial disability rating as a result of the industrial injury. Granted, the carrier was not obligated to accept Dr. Turke's opinion, but the carrier could not, except at its own peril, ignore the "notice" of the claim of a specified permanent partial disability.
The carrier contends that promptly upon receipt of Dr. Turke's written report its claims representative wrote to claimant's attorney offering to make the necessary arrangements for having claimant examined and evaluated by Dr. Drucker, which (so it says) was "... with the clear potential of having this accomplished within the 21-day period following receipt of Dr. *344 Turke's rating." The carrier then asserts that the fault for the delay lies with claimant's counsel who did not respond until some five months later. True, claimant's counsel, promptly upon receipt of the carrier's August 17th letter, could have simply made a telephone call to the carrier's claims representative and settled the arrangements for Dr. Drucker to examine the claimant. Just as simply, the claims representative, upon receipt of Dr. Turke's report, could have written or called claimant's attorney and instead of writing as he did, could have and should have then and there made definitive arrangements for a prompt examination and evaluation of claimant by Dr. Drucker. It was, after all, the carrier's affirmative duty at that point to conduct a reasonable investigation regarding the validity of the claim within the twenty-one day period provided by statute, a duty which it did not discharge by the passive position set forth in the quoted portion of its August 17th letter, followed by five months of inaction. The claimant's attorney's failure to promptly respond to the letter from the carrier's claims representative cannot begin to equate with a thwarting of the carrier's bona fide efforts to investigate, such as occurred in the case of The Latt Maxcy Corporation, supra. The facts in this case, in respect to this particular point, are much more akin to those in Roberts v. Georgia-Pacific Corporation, 394 So.2d 1093, First DCA Fla. 1981, wherein this Court held, in considering the identical statute, that the denial of an award of attorney's fees was error.
That part of the order appealed denying an award of attorney's fees to claimant's attorney is reversed and this cause remanded for the entry of an order awarding an appropriate fee to claimant's attorney.
REVERSED AND REMANDED.
LARRY G. SMITH and McCORD, JJ., concur.
NOTES
[1] The claim was a non-specific "shotgun" form, simply claiming "... all compensation benefits to which he may be entitled pursuant to F.S. 440.15."