409 So.2d 107 (1982)
Clemente DiMURO, Appellant,
v.
DAVE's TILE SERVICE, INC., Appellee.
No. ZZ-290.
District Court of Appeal of Florida, First District.
January 21, 1982.
Rehearing Denied February 23, 1982.
*108 Jay M. Levy of Silver, Levy & Hershoff, and R. Cory Schnepper of Ser, De Cardenas, Levine, Busch & Allen, Miami, for appellant.
Albert P. Massey, III of Pyszka & Kessler, Fort Lauderdale, for appellee.
PER CURIAM.
Claimant seeks review of an order of the deputy commissioner denying an award of attorney's fees. We reverse.
On August 24, 1977, claimant suffered a compensable injury to her left leg. Dr. Richards, an orthopedic surgeon, was authorized to render medical attention. Surgery was performed and claimant continued under the post-operative care of Dr. Richards until November 14, 1978, at which time the claimant was given an appointment for December and was advised to return to work on November 20, 1978.
Instead of returning to Dr. Richards, claimant, without authorization, went to Dr. Gilbert. Dr. Gilbert informed claimant's attorney by letter dated February 1, 1979 that claimant suffered a 35% permanent partial disability of the leg. That letter was forwarded to the employer/carrier. On February 14, 1979, the carrier's claims representative wrote to claimant's attorney advising him, in part, as follows:
To my knowledge, the claimant has not been given a rating by Dr. Richards, and it is my understanding that until the claimant returns to Dr. Richards' office for the final evaluation, no rating, if any, can be given.
Please contact your client and suggest that he return to Dr. Richards' office so that a final evaluation can be made.
On February 26, 1979, the carrier controverted Dr. Gilbert's medical charges.
The matter lay dormant until May 29, 1979, at which date the carrier again advised the claimant's attorney to have claimant return to Dr. Richards for rating purposes. On June 1, 1979, claimant's attorney informed the carrier that Dr. Richards refused to schedule an appointment with claimant without authorization and requested that the carrier schedule same. Not until that time did the carrier take the initiative to arrange for an examination for claimant by Dr. Richards. As a result of that examination, Dr. Richards determined that claimant sustained a 20% permanent impairment of the left foot, which rating the carrier, upon notification, promptly accepted and paid.
After hearing, the deputy commissioner found, among other things, that claimant reached MMI on November 29, 1978, which date had been assigned by Dr. Gilbert, and suffered 25% permanent partial disability of the left leg. The parties stipulated as to the amount of attorney's fees to be awarded claimant's attorney for all benefits obtained as a result of the accident except for 20% of the permanent partial disability award. On that issue the deputy commissioner concluded that there was no basis for imposition of attorney's fees against the carrier because the carrier had accepted in a timely manner and without resistance the permanency rating given by the authorized physician.
Section 440.34(1), Florida Statutes (1977), provided, in part, as follows:

*109 "... if the employer or carrier ... shall decline to pay a claim on or before the twenty-first day after ... notice of same ... and the claimant shall have employed an attorney at law in the successful prosecution of the claim, there shall, in addition to the award for compensation, be awarded a reasonable attorney's fee... ."
Notice of a claim for statutory purposes occurs when the employer first receives sufficient information upon which to begin an investigation. Latt Maxcy Corporation, et al. v. Mann, 393 So.2d 1128 (Fla. 1st DCA 1981). Upon receipt of such notice, the employer/carrier is charged with an affirmative duty to conduct within a 21 day period a reasonable investigation regarding the validity of the claim. Massey v. North American Biologicals, 397 So.2d 341 (Fla. 1st DCA 1981). This is so regardless of whether the notice was received from an unauthorized physician. Id.; Sun Banks of Florida, Hartford Insurance Group v. Hicks, IRC Order 2-3867 (July 25, 1979).
The carrier's affirmative duty to investigate was triggered by its receipt of Dr. Gilbert's letter. That duty was not satisfied by the passive position taken by the carrier as set forth in the quoted portion of its February 14th letter, followed by months of inactivity. Upon receipt of notice, it was incumbent upon the carrier to make "definitive arrangements for a prompt examination and evaluation of claimant" by Dr. Richards. Massey v. North American Biologicals, 397 So.2d 341, 344 (Fla. 1st DCA 1981).
Accordingly, the order of the deputy commissioner denying an award of attorney's fees to claimant's attorney is reversed and the cause is remanded for the entry of an order consistent with this opinion.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.