PER CURIAM.
Merklein, Inc. argues that the deputy commissioner erred in awarding claimant rehabilitation benefits pursuant to Sections 440.15(2)(b) and 440.49(1), Fla.Stat. (1977), arguing that because the rehabilitation counselor did not recommend a course of instruction for rehabilitative purposes, there was no evidence from which the deputy could conclude that such benefits should be awarded. We affirm.
Claimant’s accident occurred on February 16, 1978, resulting in his sustaining a 20% permanent partial disability (PPD) to the right arm which the employer/carrier voluntarily accepted, and paid claimant benefits commensurate therewith. The rehabilitation claim is governed by the statute in effect at that time, and is substantially different than the later amended 1979 statute. The parties do not argue the applicability of that statute; however, we note the distinction to prevent any possible confusion similar to that in the present record.
Section 440.49(1) requires an evaluation or recommendation report from the division. The deputy has the authority to approve or disapprove rehabilitation, based upon all the evidence before him, and it is the deputy who must ultimately award or deny rehabilitation benefits. See Attkisson-Bankston, Inc. v. Davignon, IRC Order 2-2722 (February 4,1975). If we interpreted the statute as requiring prior division approval of a particular plan, such a result would strip the deputy of any adjudicative function, forcing him to “rubber-stamp” a rehabilitation officer’s report. In addition to the 20% PPD rating, the deputy had before him the treating physician’s testimony that claimant should perform less laborious work than he had in his former position as a carpenter. He also had the right to consider, consistent with the physician’s recommendation, claimant’s desire to be trained as a computer programmer, an occupation whose duties are clearly within claimant’s physical limitations.
Although we have observed that Section 440.49(1), Fla.Stat. (1979), is not controlling, we nevertheless believe that the amended statute clarifies the legislative intent that prior division approval is not a prerequisite to an award of rehabilitative benefits. Subsection one of the amended statute expressly states that “[o]n receipt of [the evaluation] report, and after affording the parties an opportunity to be heard, the deputy . . . may order that the service and treatment recommended in the report, or such other rehabilitation treatment or service deemed necessary, be provided at the expense of the employer or carrier.” (emphasis supplied)
To clarify another matter, the employer/carrier’s representation that Hall v. Red Bishop Roofing, 393 So.2d 618 (Fla. 1st DCA 1981), requires as a precondition to an award of such benefits that the claimant be in a program approved by the state is not well-founded. Hall affirmed a denial of rehabilitation benefits because the judge of industrial claims had not received the division evaluation report required under the 1978 statute. This court held that the employee had not been harmed by the judge’s refusal to adjudicate the issue, as the employee was free to present the question again when ripe.
Accordingly, the order of the deputy is AFFIRMED.
ERVIN, SHIVERS and WENTWORTH, JJ., concur.