PER CURIAM.
This cause is before us on appeal by the employer/carrier from a workers’ compensation order awarding temporary total disability benefits from the date of the accident and continuing, evaluation and treatment “if necessary” by an additional physician, and reserving jurisdiction to award attorney’s fees. We reverse the award of temporary total disability benefits subsequent to July 18, 1980, as the deputy’s *1167 finding that claimant had not reached maximum medical improvement by that date from his February 15, 1980 industrial accident was not supported by competent substantial evidence. See Ardmore Farms, Inc. v. Squires, 395 So.2d 268 (Fla. 1st DCA 1981); Sunland Training Center v. Hicks, IRC Order 2-3443 (1978), cert. denied, 368 So.2d 1368 (Fla.1979). The deputy also erred in awarding an evaluation and treatment “if necessary” by Dr. DeWitt Stanford after ruling orally at the hearing that claimant’s motion for such evaluation would not be heard because of the lack of prior notice to the employer/carrier. G & S Packing Company v. Driggers, 382 So.2d 446, 447 (Fla. 1st DCA 1980). Finally, the finding that claimant’s attorney was entitled to a reasonable fee must also be reversed, as the employer/carrier did not “den[y] that an injury occurred for which compensation benefits are payable,” and there is no other basis for such an award in this case. Section 440.34(2)(c), Florida Statutes (1979).
REVERSED.
BOOTH, WENTWORTH and WIGGIN-TON, JJ., concur.