JOANOS, Judge.
The employer/carrier (E/C) appeals a deputy commissioner’s (DC) order awarding $13,000.00 in attorney’s fees. We reverse.
The sole issue on appeal is whether the E/C accepted Revels as permanently totally disabled (PTD) within twenty one days after notice of the claim as provided in Section 440.34(1), Florida Statutes (1977). Mr. Lloyd, attorney for Revels, filed a claim for PTD benefits on December 30, 1980, but Revels had not reached MMI at that time. In a letter written on January 27, 1981 to the E/C’s attorney, Dr. Turmail, the authorized treating physician, stated, “I think Mrs. Revels will have reached maximum medical improvement as of about February 19, 1981.” Revels last visited Dr. Turmail *695 on February 2, 1981. On the same day, the doctor wrote to a medical disability examiner that “[t]he patient has not reached MMI as yet.” At a deposition on February 19, 1981, Dr. Turmail stated that Revels had reached MMI. The E/C voluntarily accepted Revels as permanently totally disabled on February 27, 1981. The foregoing evidence does not support a February 2, 1981 MMI date as found by the DC.
In the absence of evidence indicating that Revels reached MMI more than twenty-one days before the E/C voluntarily accepted her as permanently totally disabled, the E/C would not be liable for attorney’s fees as provided in Section 440.34(1), Florida Statutes. White Electrical Construction Company v. Blacker, 392 So.2d 1009 (1st DCA 1981).
Revels contends that Smith v. Dixie Packers, Inc., 384 So.2d 709 (1st DCA 1980) and Roberts v. Georgia Pacific Corporation, 394 So.2d 1093 (1st DCA 1981) support the award. In Smith, this court reversed a denial of attorney’s fees where the E/C had ignored the claimant’s request for increased benefits filed months before acceptance, ignored complaints of a worsening condition, failed to provide medical attention and would never have had claimant reexamine or increased the disability rating, without the assistance of claimant’s counsel. In Roberts, this court reversed a denial of attorney’s fees where the E/C ignored the claim and had no contact with the physician that the claimant sought for an evaluation and paid two months after the claim was filed when it received the doctor’s report of a permanent impairment. In this case, the E/C had maintained communications with Dr. Turmail before and after the request for PTD, receiving indications of a February 19, 1981 MMI date. Dr. Turmail was the authorized treating physician before and after the claim for PTD was made in December, 1980, so there was no request or need for another doctor to make a permanency determination after the claim was filed. As of February 16,1981, eleven days before the E/C voluntarily accepted Revels as PTD, Mr. Lloyd, attorney for Revels, wrote counsel for the E/C stating that “[i]t looks as though Annie may not have reached MMI and he [Dr. Turmail] may be contemplating more surgery.” Clearly the holdings in Smith and Roberts are inapplicable when the E/C has maintained communications with the claimant and treating physician, relied upon the information supplied by both and voluntarily accepted the claimant as PTD within twenty-one days of notice of MMI.
Accordingly, the DC’s judgment is REVERSED.
McCORD and ERVIN, JJ., concur.