SHIVERS, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order awarding claimant’s attorney a $12,000 fee, contending that the deputy commissioner (deputy) erred in awarding claimant’s attorney a fee and, in the alternative, if the award was not erroneous, that the amount was excessive. We affirm the order.
Claimant was injured in a compensable accident on February 20, 1978. The E/C paid temporary total disability (TTD) benefits from that date through October 22, 1980, except for two short periods of time during which claimant worked. On October 22, 1980, claimant was discharged by his treating physician with a 20% permanent partial disability (PPD) rating. On the same date, the E/C accepted a 35% PPD rating and began the payment of PPD benefits. On November 14, 1980, the attorney for claimant filed a claim for permanent total disability (PTD). Although a hearing was scheduled on that claim for May 29, 1981, the issue of PTD was not decided on that date. Instead, the parties and the deputy apparently agreed that the determination of whether claimant was PTD would be withheld pending an effort to rehabilitate claimant. On October 27, 1981, one day after being advised of the failure of rehabilitation, the E/C accepted claimant as PTD and thereafter paid him PTD benefits. Although the E/C did not pay claimant PTD benefits within 21 days from the date on which the claim for those benefits was filed, the E/C contend that claimant’s attorney is not entitled to a fee under section 440.34(1), Fla.Stat. (1977), because the 21 day period set forth in that section should have commenced to run on the date the E/C was notified that rehabilitation had failed rather than on the date the notice of claim was filed. Since the E/C paid claimant PTD benefits one day after they were notified that rehabilitation had failed, the E/C argue the award of an attorney’s fee should be reversed. We disagree.
Section 440.34(1), Fla.Stat. (1977), provides that:
If the employer or carrier shall file notice of controversy as provided in s. 440.20, shall decline to pay a claim on or before the 21st day after they have notice of same or shall otherwise resist unsuccessfully the payment of compensation, and the claimant shall have employed an attorney at law in the successful prosecution of the claim, there shall, in addition to the award for compensation, be awarded a reasonable áttorney’s fee .... (emphasis added)
Under this statute, if the E/C receives a notice of claim which contains “sufficient information” to enable the E/C to initiate an investigation of that claim, the E/C can avoid payment of attorney’s fees only by accepting the claim within 21 days of its filing or by successfully resisting the payment of compensation. See Latt Maxcy Corp. v. Mann, 393 So.2d 1128 (Fla. 1st DCA 1981) and Massey v. North American Biologicals, 397 So.2d 341 (Fla. 1st DCA 1981). A notice of claim does not lack “sufficient information” to enable the E/C to investigate a claim merely because the final results of claimant’s rehabilitation effort are not yet known. To hold otherwise, would mean that a claimant is not entitled to PTD benefits prior to the completion of the rehabilitation process. Although there is some wisdom and logic in requiring a claimant to complete the rehabilitation process as a precondition for entitlement to PTD benefits, this court has previously held, in W.R. Grace & Co. v. Marshall, 405 So.2d 444 (Fla. 1st DCA 1981), that such a precondition is not required under section 440.49(l)(c), Fla. Stat. (1979). In Grace, the deputy simultaneously awarded a claimant PTD benefits from the date of maximum medical im *735 provement, some 13 months before the compensation order, and ordered the claimant referred to the Division of Labor for vocational rehabilitation evaluation. The E/C appealed the order, challenging the deputy’s order as not being in compliance with section 440.49(l)(c). In finding that the deputy had complied with the statute, this court stated that:
To require the complete course of rehabilitation evaluation, reference to an appropriate facility and the prescribed training as conditions to recognizing a claimant’s present permanent disability, would leave claimant either without compensation for his present disability or in receipt of an adulterated type of temporary disability benefits extending beyond the date of his maximum medical improvement.
Id. at 445. Based on Grace, it is clear that under section 440.49(1)(c), a claimant is not required to complete or even begin the rehabilitation process before he is entitled to an award of PTD benefits. See Jack E. Merklein, Inc. v. Hohl, 413 So.2d 829 (Fla. 1st DCA 1982); and Viking Sprinkler Co. v. Thomas, 413 So.2d 816 (Fla. 1st DCA 1982). Since section 440.49(1)(c) does not require that the rehabilitation effort precede an award of PTD benefits, it cannot be said that a claim for PTD benefits lacks “sufficient information” to enable the E/C to investigate the claim merely because the rehabilitation process was not yet complete. On that basis, we hold that the 21 day period set forth in section 440.34(1) commenced to run on November 14,1980, when the claim for PTD benefits was filed, and not from the date when the E/C received notice that the rehabilitation had failed. Since the E/C declined to pay this claim on or before the 21st day after it was filed, claimant’s attorney is entitled to an award of a reasonable attorney’s fee pursuant to section 440.34(1), Fla.Stat. (1977).
We also affirm the amount of the attorney’s fee awarded as there is competent substantial evidence to support the amount awarded. See C.F. Mueller v. Searcy, 418 So.2d 397 (Fla. 1st DCA 1982).
ROBERT P. SMITH, Jr., C.J., concurs.
THOMPSON, J., dissents with opinion.