JOANOS, Judge.
Claimant appeals an order of the deputy commissioner in a workers’ compensation proceeding denying claim for attorney’s fee pursuant to the provisions of Section 440.-34, Florida Statutes (1977). We reverse.
Claimant’s original injury to the low back area, was the result of an industrial accident on February 2, 1970. The original claim for benefits was filed February 11, 1975, and the claimant was accepted by the carrier as totally permanently disabled on April 11, 1977.
The attorney’s fee sought was occasioned by a second injury which was found to be directly related to the prior compensa-ble injury. On February 17,1983, as claimant walked down the street near his home, his legs gave way and he fell hard on his left ankle. As a result of this fall, claimant required hospitalization and surgery on his left ankle.
On March 9, 1983, the treating orthopedic surgeon prepared and mailed a written narrative report of the injury and treatment to the carrier. The hospital and surgical bills were submitted to the carrier also. Initially, each of the bills submitted to the carrier for claimant’s medical care and treatment was stamped “Received” with the date, and stamped “Returned” with a date. A bill submitted to the carrier by the orthopedic surgeon was stamped “Received — March 17, 1983;” “Returned— April 4, 1983;” “Paid — April 12, 1983.” A bill submitted to the carrier by the anesthetist was stamped “Received — March 21, 1983;” “Returned — March 25, 1983;” “Paid — April 12, 1983.” The eight other medical bills were not paid until May 18, 1983, twenty-one days after claimant’s attorney made application for a hearing on the claim.
On April 28, 1983, claimant’s attorney filed an application for a hearing, seeking payment of unpaid medical bills, attorney’s fees and costs. The hearing was scheduled for June 18, 1983. On May 17, 1983, the carrier took claimant’s deposition, and on May 18, 1983, the carrier paid the outstanding medical bills.
On September 19, 1983, a hearing was held on the issue' of claimant’s entitlement to attorney’s fees. The deputy commissioner found that the carrier had actual notice of the medical bills for more than the twenty-one days provided by statute,[1] but denied the claim for attorney’s fees on the ground that the bills were paid within twenty-one days of the filing of the formal claim.
The question here for determination is whether the notice contemplated by the statute was effected when the carrier received the medical reports and bills or whether notice was effected when the application for hearing was filed. The deputy commissioner found that statutory notice was effected on April 28, 1983, with the filing of application for hearing.
*78 This court was called upon to make a similar determination in Latt Maxcy Corp. v. Mann, 393 So.2d 1128 (Fla. 1st DCA 1981). In Latt Maxcy the court held—
that during the 21 day period provided by the statute, the employer has both the right and the duty to make a reasonable investigation regarding the validity of the claim. Davis v. Edwin M. Green, Inc., 240 So.2d 4 (Fla.1970); Thompson v. W.T. Edwards Tuberculosis Hospital, 164 So.2d 13 (Fla.1964); Smith v. Dixie Packers, Inc., 384 So.2d 709 (Fla. 1st DCA 1980). Under a reasonable interpretation of Section 440.34(1), the right to investigate must be read in conjunction with the statutory requirement that the employer receive “notice” of a claim. Certainly the legislature intended to give employers a 21 day decision-making period which could be used constructively to arrive at an informed decision. In order for the employer’s right to investigate to have any substance, the employer must know enough about the claim to be able to independently evaluate its validity. Thus, “notice" of a claim for statutory purposes occurs when the employer first receives sufficient information on which it may begin an investigation. (e.s.)
Accord: National Airlines, Inc. v. Wikle, 451 So.2d 908 (Fla. 1st DCA 1984); DiMuro v. Dave's Tile Services, Inc., 409 So.2d 107, 109 (Fla. 1st DCA 1982); Massey v. North American Biologicals, 397 So.2d 341, 343 (Fla. 1st DCA 1981); Roberts v. Georgia Pacific Corp., 394 So.2d 1093, 1095 (Fla. 1st DCA 1981).
In the case before us the carrier received sufficient information to begin an investigation when the carrier received the narrative medical report prepared by the treating orthopedic surgeon on March 9, 1983. Claimant’s disability was accepted by employer/carrier in 1977, and compensation has been paid continuously since that time. The instant problem concerns the timely payment of medical bills which arose from an injury which was found to be directly related to the original compensable injury. When the carrier received the March 9, 1983, narrative medical report, it had the responsibility to investigate to determine if this injury was causally related to the industrial injury which had rendered claimant permanently totally disabled. The carrier chose to return the medical bills rather than investigate. The carrier continued to vacillate until claimant retained an attorney and the attorney filed an application for a hearing seeking payment of medical bills, attorney’s fees and costs. At that point, the carrier scheduled claimant for deposition. Claimant’s deposition was taken on May 17, 1983. The carrier paid the outstanding medical bills on May 18, 1983— twenty-one days after date of application for a hearing.
We hold that receipt of the narrative medical report was sufficient notice to commence the running of the twenty-one day period. Therefore, the May 18, 1983, payment of medical bills was not timely and the carrier is liable for an attorney’s fee under the provision of Section 440.34(1), Florida Statutes (1977).
REVERSED and REMANDED for determination of the amount of the attorney’s fee.
SMITH and ZEHMER, JJ., concur.

. Section 440.34(1), Florida Statutes (1977), provides in relevant part:
440.34 Attorney’s fees; costs; penalty for violations.—
(1) If the employer or carrier shall file notice of controversy as provided in s. 440.20, shall decline to pay a claim on or before the 21st day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the claimant shall have employed an attorney at law in the successful prosecution of the claim, there shall, in addition to the award for compensation, be awarded a reasonable attorney’s fee of 25 percent of the first $5,000 of the amount of the benefits secured, 20 percent of the next $5,000 of the amount of the benefits secured, and 15 percent of the remaining amount of the benefits secured, to be approved by the judge of industrial claims, which fee may be paid direct to the attorney for the claimant in a lump sum.