480 So.2d 233 (1985)
WFTL BROADCASTING COMPANY & Insurance Company of North America, Appellants,
v.
Sharon Middleton ROWEN, Appellee.
No. BG-311.
District Court of Appeal of Florida, First District.
December 30, 1985.
*234 Jonathan L. Gaines of Fleming, O'Bryan & Fleming, Ft. Lauderdale, for appellants.
Thomas J. Tansey, Ft. Lauderdale, for appellee.
WENTWORTH, Judge.
Employer/carrier seek review of an attorney's fee awarded pursuant to § 440.34(1), Florida Statutes (1978). We find that no point of reversible error has been presented, and we affirm the order appealed.
In April 1979 claimant sustained an industrial accident which resulted in an initial award of permanent partial disability benefits for a 20% anatomic impairment. Claimant's attorney was awarded a fee payable by employer/carrier pursuant to an agreed order in September 1980 which mandated that it be "in full discharge of any attorney's fee earned in this cause." However, in April 1982 an additional claim and petition for modification were filed, seeking various benefits including compensation for permanent total disability. Employer/carrier took no record action upon receipt of this additional claim and petition for modification, and in July 1982 claimant's attorney suggested in a settlement request letter that claimant may be permanently totally disabled. Employer/carrier again took no immediate action, but eventually wrote claimant's treating physician in October 1982, seeking an opinion as to the degree of claimant's disability. The doctor responded by an October 25 letter advising that claimant had attained maximum medical improvement in April 1982 with a residual permanent total disability. Employer/carrier then accepted claimant as permanently totally disabled on November 29, 1982, with benefits deemed "retroactive" to November 9. Claimant's attorney *235 was subsequently awarded an additional attorney's fee.
Employer/carrier argue that "bad faith" has not been shown so as to justify an attorney's fee award pursuant to § 440.34(3)(b), Florida Statutes (1982). But claimant's injury occurred when the effective attorney's fee statute was § 440.34(1), Florida Statutes (1978), which did not require that a fee be predicated upon "bad faith." We find that the "bad faith" amendment was a substantive enactment, and as such the applicable attorney's fee statute is that which was in effect on the date of claimant's accident. See Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960). We further find that an additional attorney's fee was properly awarded pursuant to § 440.34(1), Florida Statutes (1978), in that employer/carrier did "decline to pay a claim on or before the 21st day after ... notice of same, or ... otherwise resist unsuccessfully the payment of compensation." Although charged with an affirmative duty to promptly investigate entitlement to claimed benefits, see DiMuro v. Dave's Tile Service, Inc., 409 So.2d 107 (Fla. 1st DCA 1982), employer/carrier pursued a course of delay and inaction, culminating in an attempt to retroactively accept the permanent total claim more than 21 days after receiving a clear medical opinion as to claimant's permanent total disability. While an initial fee had already been awarded "in full discharge of any attorney's fee earned," the additional fee which we now approve encompasses additional services rendered subsequent to the initial award. In these circumstances the deputy did not err in concluding that in accordance with § 440.34(1), Florida Statutes (1978), employer/carrier's resistance and untimely acceptance of the additional claim and petition for modification should serve as a basis for an additional attorney's fee.
The order appealed is affirmed.
JOANOS, J., concurs.
THOMPSON, J., dissents.