ZEHMER, Judge.
Mary Frances Brown appeals an order of the deputy commissioner denying her request for attorney’s fees. She argues that the deputy commissioner misapplied section 440.34, Florida Statutes (1978), which governs the grant of attorney’s fees in this case. We reverse and remand for determination of the amount of attorney’s fees entitled to be received by appellant’s counsel.
Claimant was involved in a compensable accident on July 10, 1979,[1] and sustained serious damage to her knee. She reached maximum medical improvement (MMI) on August 24, 1981, with a fifty percent permanent impairment of her leg. Her attorney filed a claim for permanent total disability (PTD) benefits on September 25, 1981. The compensation specialist for the carrier testified that upon receiving the report that claimant had reached MMI she contacted claimant’s treating physician, Dr. Shirley, for further information. She was informed that if claimant rejected a knee fusion she would have reached MMI. The carrier then scheduled a deposition of claimant. In that deposition claimant stated that she might consider a fusion if her doctor advised it. The deposition also revealed that claimant had been involved in an automobile accident and was suing a party to the accident, in part on the theory that the accident had worsened her knee condition. The carrier took no action on the claim for benefits.
*1105 In December 1981 claimant rejected the possibility of a knee fusion. The carrier admits that they knew of this decision by March 1982. In response, the carrier reviewed the interrogatories in the lawsuit and referred claimant to a rehabilitation nurse. In 1982 and 1983 claimant’s condition worsened several times, each time requiring further surgery. The record indicates that the additional surgery was intended to keep claimant at the disability level reached in August 1981, rather than improving her condition. Dr. Shirley testified that none of the additional surgery changed his original MMI date. In July 1983 Dr. Shirley wrote to the carrier that claimant could not work. A hearing on the merits of claimant’s claim for PTD benefits was scheduled for July 13, 1983. Six days after Dr. Shirley’s letter, the day before the hearing on the merits, the carrier voluntarily accepted claimant as permanently and totally disabled.
Claimant filed a motion for payment of attorney’s fees. The deputy commissioner denied the motion, stating, “[I]t cannot be said that the carrier created [a] willful wall of ignorance in view of all of the facts and circumstances.” Claimant appeals, arguing that because the carrier did not accept the claim for PTD benefits within twenty-one days, she is entitled to attorney’s fees under the applicable statute.
Section 440.34(1), Florida Statutes (1978), provides:
If the employer or carrier ... shall decline to pay a claim on or before the 21st day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation and the claimant shall have employed an attorney at law in the successful prosecution of the claim, there shall, in addition to the award for compensation, be awarded a reasonable attorney’s fee.
The twenty-one day period ordinarily begins to run when the employer receives notice that a claim has been filed. The filing of a claim will not operate as notice, however, when the claim does not contain sufficient information to enable the employer to begin an investigation. All American Pools 'N Patio v. Zinnkann, 429 So.2d 733 (Fla. 1st DCA 1983); Massey v. North American Biologicals, 397 So.2d 341 (Fla. 1st DCA 1981); Latt Maxcy Corp. v. Mann, 393 So.2d 1128 (Fla. 1st DCA 1981). “The critical consideration is, therefore, to be centered on evidence showing when the employer had sufficient knowledge to begin an investigation.” National Airlines, Inc. v. Wikle, 451 So.2d 908, 910 (Fla. 1st DCA 1984). In Massey the court held that although the claim for permanent benefits did not provide sufficient notice to the employer where claimant’s physician “had expressed no opinion concerning whether claimant had reached maximum medical improvement nor the nature or extent of permanent disability, if any,” 397 So.2d at 342, the employer did have sufficient notice when they received a letter from a physician setting the MMI date and the amount of permanent impairment.
In the instant case the undisputed evidence shows that the employer and carrier had sufficient information to begin investigating the claim for PTD benefits long before the carrier accepted it. The carrier was informed in August 1981 that claimant had reached MMI with a fifty percent permanent impairment of one leg. The claim for PTD benefits was filed on September 25, 1981. When the carrier investigated, it was informed that only a knee fusion would improve claimant's condition. Claimant rejected the possibility of a knee fusion in December 1981, and the carrier admits that it knew of this decision in March 1982. At this point, the carrier knew that claimant had reached MMI and knew the serious extent of her permanent impairment. The carrier clearly had enough information to place it on notice to begin the required investigation of the PTD claim and accept or reject the claim. See National Airlines, Inc. v. Wikle, 451 So.2d 908; DiMuro v. Dave’s Tile Service, Inc., 409 So.2d 107 (Fla. 1st DCA 1982); Smith v. Dixie Packers, Inc., 384 So.2d 709 (Fla. 1st DCA), petition for review denied, 392 So.2d 1373 (Fla.1980); G & S Packing Co. v. Driggers, 382 So.2d 446 (Fla. 1st DCA 1980).
*1106 The carrier argues that it lacked sufficient information to make a decision on claimant’s claim because of her involvement in the lawsuit arising out of the car accident, and also because of the additional surgery to keep her disability from getting worse. Although these factors no doubt made the carrier’s decision a more difficult one, they did not relieve the carrier of its statutory duty to investigate and make a decision within twenty-one days of receiving adequate notice. The carrier’s lack of determinative action during the prolonged period after it received adequate notice of the PTD claim, and its failure to pay benefits within the specified twenty-one days, requires an award of an attorney’s fee under the statute. The deputy commissioner erred in denying the fee award.
The appealed decision is REVERSED and the cause is REMANDED for determination of the amount of attorney's fees due claimant.
SMITH and WIGGINTON, JJ., concur.

. The 1979 amendment to section 440.34 became effective on August 1, 1979. Ch. 79-312, Laws of Florida. Thus, this accident is governed by the pre-amendment (or "old") law.