McCAIN, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the Industrial Relations Commission which sustained a decision of the Judge of Industrial Claims.
The record reveals that on February 26, 1970, the claimant/respondent was injured when he stepped on a scaffolding made of concrete blocks. The scaffolding gave way causing him to fall, injuring his neck and right shoulder. At the time of the accident, the respondent was employed as a working foreman for the employer.
The respondent first sought medical treatment the day following his injury and subsequently came under the authorized care of Dr. Cerino, an orthopedic specialist. When he failed to respond to conservative treatment, the doctor hospitalized the respondent and on June 24, 1970, he underwent an anterior cervical fusion and discectomy. Following his discharge from the hospital, the respondent continued under Dr. Cerino’s care until December 18, 1970, at which time he was discharged.
The respondent received medical treatment again on April 13, 1971. At that time, he consulted with Dr. Lusskin, an orthopedic surgeon. This treatment was unauthorized and, consequently, the Judge of Industrial Claims did not order the petitioner to reimburse the respondent for this treatment.
*685 A claim was .filed and the Judge of Industrial Claims entered an award on January 18, 1972. The Judge found, among other things, that the respondent had sustained a 45% permanent partial disability of the body as a whole based upon a diminution in wage earning capacity and that he had reached maximum medical improvement on April 13, 1971. On appeal, the Full Commission affirmed.
The petitioner contends first that error was committed in finding that maximum medical improvement was reached on April 13, 1971. It is petitioner’s position that the only evidence in the record on this point is that of Dr. Cerino. Although Dr. Cerino’s reports are somewhat ambiguous on the question of maximum medical improvement, it does appear that the doctor was of the opinion that the respondent reached maximum medical improvement no later than December 18, 1970. Dr. Cerino did recognize, however, that it was possible that the respondent’s condition might change again. In his December 18, 1970 report, Dr. Cerino stated:
“I told him I think he will remain virtually unchanged from now on, although he might change slightly in the next six months. I am doubtful of this. I feel his clinical picture will remain very much the same after a year.”
The petitioner argues that the date picked by Dr. Cerino is uncontradicted and points to the report of Dr. Lusskin, which does not contain any opinion as to when maximum medical improvement was reached.
The petitioner, however, overlooks the testimony of the respondent himself. According to his testimony, he continued to have pain and consequently sought treatment from Dr. Lusskin whose report was admitted into evidence by stipulation. We therefore conclude that the Judge, based upon the testimony of the respondent that his condition changed, as even Dr. Cerino recognized might occur, is supported in his finding that maximum medical improvement was reached on April 13, 1971.
The petitioner’s second point involves the correctness of the Judge’s award of 45% permanent partial disability of the body as a whole. The petitioner’s argument on this point is that there is not competent substantial evidence to support this award. We disagree.
Th^ record reveals that according to Dr. Cerino, the respondent suffered a 20% permanent partial disability of the body as a whole and according to Dr. Luss-kin, the respondent suffered a 30% permanent partial disability of the body as a whole, both based upon physical impairment. Additionally, the record contains the testimony of the respondent and the testimony of an employment counselor who had attempted to secure employment for the respondent. According to the employment counselor, the respondent’s earning capacity was seriously impaired. Based upon this evidence, we hold that the petitioner’s argument is without merit.
The final point raised by petitioner concerns the award of interest on temporary total disability compensation made by the Judge. The respondent has conceded that the Judge’s award of interest was erroneous and we agree. We accordingly reverse and remand on this point.
We have completely and thoroughly considered the remaining issues presented by the parties. These arguments and the authorities cited in support of them are not convincing and do not warrant discussion.
Accordingly, only that portion of the decision of the Industrial Relations Commission affirming the award of interest by the Judge of Industrial Claims is reversed and the cause remanded for proceedings not inconsistent herewith. In other respects, the decision of the Industrial Relations Commission is affirmed.
It is so ordered.
CARLTON, C. J., and ROBERTS, ADKINS and DEKLE, JJ., concur.