344 So.2d 555 (1977)
John M. KEITH, Petitioner,
v.
CITY OF ALTAMONTE SPRINGS et al., Respondents.
No. 49836.
Supreme Court of Florida.
March 17, 1977.
Rehearing Denied May 4, 1977.
*556 David M. Hammond, of Meyers, Mooney & Adler, Orlando, for petitioner.
T.M. Burke, of Pitts, Eubanks, Ross & Rumberger, Orlando, for respondents.
ENGLAND, Justice.
By petition for the writ of certiorari we have before us for review an order of the Industrial Relations Commission dismissing a claim for rehabilitation benefits made by John M. Keith. The claim was made pursuant to Section 440.15(2)(b), Florida States (1975), which in relevant part provides that
"Temporary total disability ... shall include such period as the employee may be receiving training or education under a rehabilitation program pursuant to subsections 440.49(1), (2) or (3), not to exceed 40 weeks."
The Commission dismissed the claim, reversing an order of the judge of industrial claims which had granted rehabilitation benefits, on the ground that the judge lacked jurisdiction to award benefits without the participation of the Department of Commerce's division of labor. We affirm the Commission's order of dismissal.
Section 440.15(2)(a) provides that 60% of average weekly wages shall be paid during a period of temporary total disability. Section 440.15(2)(b) indicates that the period during which temporary total disability benefits may be paid shall include, so far as is relevant here, the period during which an employee is receiving training or education under a prescribed rehabilitation program. A prerequisite to the receipt of temporary total disability benefits during the rehabilitation program under this scheme is the requirement that the training or education program be one which meets the requirements of Section 440.49(1).[1]
The Legislature has there provided that in certain cases (when a "disability probably will be permanent") the division of labor shall assist employees in obtaining appropriate training, education and employment. It also provides that the division is authorized to expend monies from a trust fund which is established in Section 440.50, Florida Statutes (1975), for the purpose of providing assistance to employees in need of rehabilitation. The fund referred to is the Workmen's Compensation Administration Trust Fund,[2] which was established in part to provide for the payment of all expenses *557 relating to the vocational rehabilitation of injured employees provided in Section 440.49.
In 1975 the Florida Legislature added four sentences to subsection 440.49(1).[3] These sentences give rise to the controversy before us. They read:
"Such expenditures shall only be made in accordance with rules promulgated by the division establishing standards for eligibility and types, duration, and cost of training and educational programs to be made available. All hearings arising under this subsection shall be conducted by judges of industrial claims pursuant to § 440.25. However, no judge of industrial claims shall assume jurisdiction to approve or disapprove rehabilitation under this provision until the division has been given reasonable time to evaluate the injured worker and advise all parties as to the rehabilitation program it may propose if said rehabilitation program is to be funded out of the fund established by § 440.50. The division shall be a party to all hearings involving any claims made against the fund established by § 440.50."
As we read the language added to Section 440.49(1) by the 1975 Legislature, it accomplishes several things. First, it creates rule-making authority and requires that the division's rules must be followed in granting training and education benefits. Second, it requires that all hearings under subsection 440.49(1) be conducted pursuant to Section 440.25, Florida Statutes (1975), which in general sets the procedure with respect to all claims for compensation. Third, it prohibits judges of industrial claims from assuming jurisdiction over rehabilitation programs until the division has had an opportunity to evaluate the injured worker and advise all parties as to any rehabilitation program which it would propose be funded out of the Workmen's Compensation Administration Trust Fund.[4] Fourth, it directs that the division shall be a party to all hearings which involve claims against the fund. It is this last provision which is troublesome.
Petitioner Keith argues that since the division is not an indispensable party when no "claim" is made against the fund, the term must mean a claim for the payment of vocational rehabilitation benefits as provided in Section 440.15(2)(b). He argues that the term could not include the necessary payment of expenses connected with the investigative aspects of the division's responsibilities, which had been paid from the fund even before the 1975 amendment, since an expenditure for that purpose is required in every case where rehabilitation is claimed as a temporary total disability benefit and the disability will probably be permanent. The City of Altamonte Springs argues to the contrary, saying that there is always a "claim" made against the fund by reason of the administration of the rehabilitation program, so that the Commission was correct in holding that the division is a necessary party in every proceeding for that reason.
We have no legislative history to guide us as to the intention of the Legislature with respect to the amendment made in 1975. We are forced to harmonize the language as best we can, taking into account the inter-workings of the Department of Commerce.[5]
There is an obvious necessity for insisting that the division be made a party when rehabilitation benefits are to be paid from the trust fund as a part of a temporary *558 total disability award. There is no apparent reason, however, for the division to be made a party to hearings which do not involve that type of charge against the fund. The recommendation of the division as to a plan (if any) is a prerequisite to the assumption of jurisdiction by the judges of industrial claims, in any event. If there is controversy between the claimant and carrier regarding a recommended plan which does not require fund expenditures for rehabilitation, or as to the fact that no plan for rehabilitation has been recommended, investigative or other personnel from the division can be called to testify in the claims proceeding just as any other witness. There is absolutely no reason that the division need be made a party in those situations. The Legislature can determine otherwise, of course, but it does not seem to us that they have done so in the 1975 amendment.
Accordingly, we are led to conclude that the last sentence added by the 1975 Legislature means only that the division "shall be a party" in hearings which involve claims for the payment of temporary total disability monies from the Workmen's Compensation Administration Trust Fund in aid of rehabilitation. As to this issue the Commission erred.
Nonetheless, the Commission's order in this case states that the division was not given a reasonable time to evaluate Keith and advise as to a rehabilitation program. Since this investigative activity is a prerequisite to the jurisdiction of the judge of industrial claims, and since the Commission's notation of this procedural defect is not challenged here, we must conclude with the Commission that the judge assumed jurisdiction over Keith's claim prematurely. Since he lacked jurisdiction, the Commission was correct in concluding that the claim must be dismissed rather than remanded.
Petition for Writ of Certiorari is granted and the Commission's order is affirmed.
OVERTON, C.J., and SUNDBERG, HATCHETT and KARL, JJ., concur.
NOTES
[1] The provisions of Sections 440.49(2) and (3) have no relevance to this proceeding.
[2] This trust fund is to be distinguished from the Special Disability Trust Fund which is created under § 440.49(4)(h)(1), Fla. Stat. (1975).
[3] Ch. 75-209, § 24, Laws of Florida.
[4] This portion of the added language is inartfully drawn but we construe the sentence which restricts the jurisdiction of judges of industrial claims to read as if the last portion said:

"... and advise all parties as to the rehabilitation program [if any] it may propose [if said rehabilitation program is to] be funded out of the fund established by § 440.50."
Under this construction the division need not propose any rehabilitation program, but it must advise all parties as to any program it would propose which requires the expenditure of fund resources.
[5] The Division of Labor, the Industrial Relations Commission and the judges of industrial claims are all sub-agencies of the Department of Commerce.