PER CURIAM.
The employer/carrier raise three points for review in this appeal from a workers’ compensation order. We find merit with two points, and accordingly reverse.
The claimant was injured when a truck he was driving for the employer crashed through a road barricade. This case was originally heard on June 6, 1977. The then Judge of Industrial Claims (JIC) found that claimant had reached MMI from his injuries on December 3, 1976, with no permanent disability as a result of the accident; and that claimant suffered from a pre-existing heart condition which was not aggravated by the accident and was not disabling. On appeal, the IRC reversed, finding that there was no competent substantial evidence to support the JIC’s finding that claimant’s heart condition was not aggravated by the accident.[1] The Florida Supreme Court denied certiorari.[2] On remand, the deputy commissioner took further testimony and entered the order from which this appeal is taken.
The deputy commissioner’s finding that the claimant reached MMI from his injuries on June 6, 1977 (the date of the original hearing), is not supported by competent, substantial evidence in the record. The deputy commissioner apparently based this finding on the claimant’s testimony at the final hearing that his condition had been more or less under control since the June, 1977 hearing. Lay testimony, especially that of the claimant, may be considered in determining the date of MMi. Modufab Corp. v. Callaway, 284 So.2d 684 (Fla. 1973). However, in a complex medical situation, as here, where there is no medical opinion ruling out continued improvement, a claimant’s testimony cannot replace a treating physician’s expert opinion as to when temporary disability ends and permanent disability commences. Sunland Training Center v. Hicks, IRC Order 2-3443 (1978).
In the present case, only one physician, Dr. Shapiro, was deposed for both the original hearing and the final hearing. Dr. Shapiro’s deposition testimony clearly indicates that the claimant had not reached MMI as of June 6, 1977, but had continued to improve up to the date of Dr. Shapiro’s final deposition, i. e., March 24, 1980. Dr. Fox was the only other physician to testify regarding the claimant’s heart condition. At the time of the original hearing, he gave no indication that claimant’s condition would not continue to ameliorate. Thus, there was no medical opinion ruling out continued improvement in claimant’s condi *194 tion; and, to the contrary, there was expert medical testimony indicating that claimant had in fact improved. The deputy commissioner, therefore, erred in fixing the date of MMI at June 6, 1977.
We also find error in the deputy commissioner’s award of rehabilitative TTD benefits to the claimant. No claim for such benefits had been made prior to the hearing, and the Division of Labor was not given an opportunity to evaluate claimant prior to an award being made. Section 440.15(2)(b), Florida Statutes (1975), specifically provides for rehabilitative TTD benefits. However, the deputy commissioner is prohibited from assuming jurisdiction over a rehabilitation program until the Division of Labor has had an opportunity to evaluate the injured worker and advise all parties as to any rehabilitation program to be funded out of the Workers’ Compensation Administration Fund. Keith v. City of Altamonte Springs, 344 So.2d 555 (Fla.1975). In addition, the employer/carrier had no opportunity to prepare and present a concerted defense to a claim for rehabilitative TTD benefits, since no claim was made for such benefits. Attkisson-Bankston, Inc. v. Davignon, IRC Order 2-2722 (1975).
Accordingly, the order is reversed as to the award of the rehabilitative TTD benefits and the date of MMI, and the cause is remanded with directions for the deputy commissioner to set a date of MMI which is consistent with the expert medical testimony.
SHIVERS, SHAW and THOMPSON, JJ., concur.

. Chester v. Bake Lines Trucking, Inc., IRC Order 2-3625 (1978).

. 377 So.2d 167 (Fla.1979).