BARFIELD, Judge.
In this workers’ compensation appeal, Frederick Tramontana contends that the deputy commissioner erred in summarily precluding an award of temporary disability and rehabilitative benefits for the period prior to June 4, 1979, in failing to award temporary disability benefits for all periods following June 4, 1979 in which benefits were claimed, and in refusing to consider an alleged violation of the child labor laws at the December 7, 1982 hearing. With two exceptions, we find Tramontana’s appeal to be without merit. We affirm in part and reverse in part.
Tramontana’s 1977 back injury was at first treated conservatively and some disability benefits were paid. A “shotgun” claim was filed in February, 1978 and hearing was held before Deputy Commissioner C.J. Hardee on June 4, 1979. In his July 27, 1979 order, Deputy Commissioner Har-dee denied rehabilitative benefits under section 440.15(2)(b), Florida Statutes (1977) on the grounds that Tramontana had not satisfied the prerequisite to obtaining those benefits by being evaluated by the Division of Workers’ Compensation. Section 440.-49(1), Florida Statutes (1977).
On July 9, 1979, claimant was interviewed by the Division of Workers’ Compensation rehabilitation nurse. On August 22, claimant began working, but was laid off on October 9, 1979. In the meantime, the rehabilitation nurse was informed by claimant’s mother that he had obtained a job, whereupon she closed his file.
There followed a three year period of extensive medical and psychological examination and treatment, during which claimant was intermittently employed and was successively represented by three different attorneys. On December 7, 1982 a second hearing was held before Deputy Commissioner Louis Tidwell. In his order of January 3, 1983, from which this appeal was taken, the deputy commissioner concluded that the July 27, 1979 order was dispositive of any claims which were mature as of June 4, 1979, so that all claims for benefits prior to the June 4, 1979 hearing should be denied.
However, we interpret Deputy Commissioner Hardee’s order as an acknowledgment of his lack of jurisdiction to determine entitlement to rehabilitation and accompanying TTD benefits under section 440.49(1), Florida Statutes (1977), and not a disposition of any claim on the merits. See Keith v. City of Altamonte Springs, 344 So.2d 555 (Fla.1977). Claimant having sought evaluation by the Division of Workers’ Compensation and the Division having been given a reasonable time in which to make that evaluation, it is our view that claimant has fulfilled the statutory prerequisite to obtaining rehabilitative benefits and that the deputy commissioner now has jurisdiction to dispose of that claim. We reverse the deputy commissioner’s finding that the July 27, 1979 order was dispositive of any claims and remand for disposition of all claims for benefits prior to June 4, 1979.
We commend the deputy commissioner’s exceptional handling of the various claims for temporary disability benefits after June 4, 1979. Competent substantial evidence in the record supports the deputy’s award or denial of benefits for each of the claim periods. However, appellant has directed our attention to two periods, October 3 to November 2, 1981 and November 11, 1981 to January 23, 1982, during which claimed benefits were neither awarded nor denied by the deputy commissioner.[1] We *559 remand for specific findings by the deputy commissioner of entitlement, or lack of entitlement, to benefits for these periods.[2] All other findings and conclusions by the deputy commissioner are affirmed.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings.
WENTWORTH and ZEHMER, JJ., concur.

. Benefits were claimed from September 16, 1981 to March 16, 1982. Temporary total dis *559 ability benefits were voluntarily paid from November 2 to November 11, 1981. The deputy commissioner awarded temporary total disability benefits from September 16 to October 3, 1981 and from January 23 to March 16, 1982.

. We note that there is evidence in the record that would support either an award or a denial of temporary disability benefits by the deputy commissioner for these periods.