MILLS, Judge.
The employer/carrier (e/c) appeal from a workers’ compensation order awarding temporary disability and wage-loss benefits, vocational rehabilitation, penalties, interest and costs. We affirm.
Of the four issues raised on appeal, only one merits discussion. In the order, the deputy commissioner stated that, because the e/c did not controvert an individualized written rehabilitation plan (IWRP) *233 within 15 days after receipt thereof, “the IWRP is in effect with that contract binding on the employer/carrier as provided by Florida Administrative Code, Rules 38F, the Florida Workers’ Compensation Rehabilitation Rules.” This was error because there is no provision in Chapter 38F, Florida Administrative Code, that requires the e/c to controvert an IWRP within 15 days after receiving it.
The e/c argue that because of this error the case should be remanded with directions that the deputy consider the merits of the rehabilitation claim. We disagree. In addition to the erroneous statement quoted in the preceding paragraph, the deputy stated in the order that the rehabilitation provider “had considered [the claimant’s] present earning capacity and the nature of her former work in light of her physical limitations and her medical condition and, through his counsel and guidance, helped the claimant in obtaining employment....” He found the IWRP “credible.” It appears then that the deputy has considered the merits of the claim and decided the issue in favor of the claimant. We therefore defer to the deputy who has wide latitude in awarding rehabilitation benefits. Pine Island Ridge Country Club v. Bourst, 453 So.2d 1121 (Fla. 1st DCA 1984).
AFFIRMED.
SMITH, C.J., and ERVIN, J., concur.