PER CURIAM.
This workers’ compensation case came to an abrupt end below, when the judge of compensation claims (JCC) granted the employer/carrier’s motion to dismiss Ms. Jenkins’ claim for disability benefits, on grounds she had failed to join an indispensable party. We reverse the order dismissing the claim, and remand for a determination on the merits.
Jenkins sought temporary total disability benefits from her employer and its insurance carrier. Her claim did not seek relief of any kind from the Division of Workers’ Compensation or the fund established under section 440.50, Florida Statutes, which the Division administers. Section 440.49(1), Florida Statutes (1991), which requires that “[t]he division shall be a party to all hearings involving any claims made against the fund established by s. 440.50,” does not pertain here.[1]
Jenkins’ claim alleged, that she had accepted an offer voluntarily made on behalf of her employer and its insurance carrier that established an independent written rehabilitation plan under which she was to receive on-the-job training. Cf. Mid-State Uniform Rentals v. Vann, 512 So.2d 232 (Fla. 1st DCA 1987). Under section 440.49(l)(d), Florida Statutes (1991), implementation of the plan would have rendered her eligible for disability benefits during the weeks she received training,[2] up to a statutory maximum.
Before she began training, Jenkins alleged, the carrier or its agent unilaterally rescinded the independent written rehabilitation plan, cancelling Jenkins’ rehabilitation program. Jenkins’ claim asserted that the respondents should not be relieved of their obligation for disability benefits, simply because they had renounced their agreement. The Division’s participation as a party was not necessary[3] in order to determine Jenkins’ entitlement to the disability benefits she seeks. The order under review is, therefore,
REVERSED.
ZEHMER, C.J., and KAHN and BENTON, JJ., concur.

. "If there is controversy between the claimant and carrier regarding a recommended plan which does not require fund expenditures for rehabilitation, or as to the fact that no plan has been recommended, ... [tjhere is absolutely no reason that the division need be made a party.” Keith v. City of Altamonte Springs, 344 So.2d 555 (Fla.1977).

. Section 440.49(l)(d), Florida Statutes (1991), provides:
(d) When it appears that training and education are necessary and desirable to restore the injured employee to suitable gainful employment, the employee shall be entitled to be paid by the employer additional compensation for temporary total disability during such period as the employee may be receiving training and education under a program pursuant to this section for a period not to exceed 26 weeks, which period may be extended for an additional period not to exceed 26 additional weeks, if such extended period is determined to be necessary and proper by the judge of compensation claims.

.We do not reach the question of whether in a case in which the Division's participation as a party is necessary, the JCC has the authority to order dismissal for nonjoinder.