405 So.2d 444 (1981)
W.R. GRACE & CO. and CNA Insurance Group, Appellants,
v.
Gerald L. MARSHALL, Appellee.
No. ZZ-489.
District Court of Appeal of Florida, First District.
October 14, 1981.
Rehearing Denied November 20, 1981.
Wendell J. Kiser and William G. Berzak of Akerman, Senterfitt & Eidson, Orlando, for appellants.
Ernest M. Jones, Jr., of Jacobs, Valentine, Groseclose & Miller, P.A., Lakeland, for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
The employer and carrier contest the deputy commissioner's interpretation and application of section 440.49(1)(c), Florida Statutes (1979), by an order that both found Marshall permanently and totally disabled, due to loss of wage earning capacity, and that Marshall should be evaluated for vocational rehabilitation. The deputy thus ordered payment of chapter 440 benefits for permanent total disability from the date of maximum medical improvement, some 13 months before the compensation order, and ordered Marshall referred to the Division of Labor for vocational rehabilitation evaluation.
*445 Section 440.49(1)(c), enacted in 1979 as chapter 79-40, § 37, Fla. Laws, provides:
Prior to adjudicating an injured employee to be permanently and totally disabled, the deputy commissioner shall determine whether there is a reasonable probability that, with appropriate training or education, the injured employee may be rehabilitated to the extent that such employee can achieve suitable gainful employment and whether it is in the best interest of such individual to undertake such training or education.
Because the statute is plainly procedural, it is applicable to Marshall's case notwithstanding that the subject injury occurred in 1977. See Myers v. Carr Constr. Co., 387 So.2d 417 (Fla. 1st DCA 1980). We find that the deputy complied with the statute, fairly construed, by determining in the same order that claimant probably could and in his best interest should be rehabilitated with appropriate training, and that claimant is now permanently and totally disabled due to loss of wage earning capacity. To require the complete course of rehabilitation evaluation, reference to an appropriate facility, and the prescribed training as conditions to recognizing a claimant's present permanent disability, would leave claimant either without compensation for his present disability or in receipt of an adulterated type of temporary disability benefits extending beyond the date of his maximum medical improvement. Because the statute permits the construction that best serves what we conceive to be the best interests of all affected parties and the harmonious administration of chapter 440, we adopt that construction and affirm the deputy's order in this and other challenged respects.
AFFIRMED.
McCORD and MILLS, JJ., concur.