450 So.2d 318 (1984)
CLAY HYDER TRUCKING LINES, Appellant,
v.
Dorothy ATHERTON, Appellee.
No. AV-91.
District Court of Appeal of Florida, First District.
May 22, 1984.
*319 Bernard J. Zimmerman of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellant.
Richard R. Roach, Jr., of Woods, Murray & Roach, P.A., Lakeland, for appellee.
WIGGINTON, Judge.
The employer/carrier (E/C) appeal from the deputy commissioner's order finding claimant to be temporarily and totally disabled, awarding corresponding benefits, and ordering the E/C to enroll claimant in a work evaluation program at Goodwill Industries and to provide such rehabilitation or retraining as indicated by the evaluation. Claimant cross-appeals the deputy's failure to find her permanently and totally disabled. We affirm in part and reverse in part.
We affirm the finding of temporary total disability. The medical evidence confirms the finding that claimant was temporarily and totally disabled from a psychiatric standpoint as a result of the industrial accident, for at least a portion of the period in question. The evidence as a whole supports the deputy's excusal of a work search for the remainder of the period, in light of testimony indicating claimant's drastically reduced ability to cope with the stresses of daily life, both physically and emotionally. In short, it was revealed at the hearing that there was little claimant could do in the job market, Fellows, Read & Weber v. Lance, 406 So.2d 1286 (Fla. 1st DCA 1981), and the deputy was justified in giving little weight to the "domestic work" in which claimant allegedly engaged, instead considering the activity to be merely charitable. Indeed, this alleged domestic work *320 amounted to little more than claimant's being a companion to a few elderly friends, and even this sedentary activity sorely taxed claimant's physical and emotional reserves. The award of temporary total disability benefits is therefore affirmed.
Consequently, we also affirm the deputy's failure to find claimant permanently and totally disabled. Moreover, the medical evidence would support this result, as claimant's treating physician testified at deposition that claimant's condition had regressed and that she was no longer at a point of maximum medical improvement.[1]
We reverse, however, that part of the deputy's order directing the E/C to provide rehabilitation for claimant. The E/C correctly argue that they are not responsible to assume the cost of claimant's rehabilitation, and that the deputy erroneously relied on W.R. Grace & Co. v. Marshall, 405 So.2d 444 (Fla. 1st DCA 1981), in applying the 1979 version of section 440.49(1), Florida Statutes, in holding the E/C responsible for that cost.
Claimant's compensable injury occurred on June 20, 1975. Consequently, the 1974 version of chapter 440 would apply where substantive rights are at stake. Sullivan v. Mayo, 121 So.2d 424, 428 (Fla. 1960). Section 440.49(1), Florida Statutes (Supp. 1974), provides that the rehabilitation of the injured employee is the responsibility of the Division of Labor, which is authorized "to expend moneys from the special fund established by s. 440.50 ..." in order to carry out its responsibility.[2] However, section 440.49(1), as amended by chapter 79-40, Laws of Florida (1979), states that the employer or carrier, "at its own expense," (emphasis added) shall rehabilitate the injured employee.[3]
In 1981, this Court issued an opinion in the case of W.R. Grace & Co. v. Marshall, holding that section 440.49(1)(c), enacted in 1979 as chapter 79-40, § 37, Laws of Florida, is "plainly procedural" and therefore "applicable to Marshall's case notwithstanding that the subject injury occurred in 1977." 405 So.2d at 445.[4] Relying on W.R. Grace, the deputy concluded that section 440.49(1)(a), enacted by the same chapter, was also procedural, and applicable to claimant's case. We disagree.
First, W.R. Grace & Co. v. Marshall involves only subsection (1)(c) of section 440.49. It cannot be held as authority for concluding that the whole of section 440.49, Florida Statutes (1979), is procedural. Accordingly, the deputy's reliance on W.R. Grace was misplaced.
*321 Second, and most significant, that part of the 1979 revision of section 440.49(1)(a), regarding on whom the responsibility to assume the cost of rehabilitation falls, clearly increases the potential liability of the E/C. For that reason, we hold that it is substantive in nature, and prospective only. Sullivan v. Mayo. Consequently, section 440.49(1), Florida Statutes (Supp. 1974), is applicable in this case, and the division bears the responsibility for the potential rehabilitation of claimant. See generally Keith v. City of Altamonte Springs, 344 So.2d 555 (Fla. 1977).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] Claimant suffered her compensable injury on June 20, 1975, and was pronounced as having reached MMI on December 23, 1980.
[2] 440.49 Rehabilitation of injured employees; Special Disability Trust Fund. 

(1) In cases in which it appears that disability probably will be permanent the division shall assist injured employees to obtain appropriate training, education and employment and may cooperate with federal and state agencies for vocational education and with any public or private agency cooperating with such federal or state agencies in the vocational rehabilitation of injured employees. The division may, and it is authorized to, expend moneys from the special fund established by s. 440.50, for the purpose of assisting such injured employees to obtain appropriate training, education and employment in connection with their vocational rehabilitation.
[3] Section 440.49(1)(a), Florida Statutes (1979), provides in pertinent part:

When an employee has suffered an injury covered by this chapter and it appears that the injury will preclude the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services. The employer or carrier, at its own expense, shall provide such injured employee with appropriate training and education for suitable gainful employment and may cooperate with federal and state agencies for vocational education and with any public or private agency cooperating with such federal and state agencies in the vocational rehabilitation of such injured employees... .
[4] 440.49(1)(c), Florida Statutes (1979), provides:

Prior to adjudicating an injured employee to be permanently and totally disabled, the deputy commissioner shall determine whether there is a reasonable probability that, with appropriate training or education, the injured employee may be rehabilitated to the extent that such employee can achieve suitable gainful employment and whether it is in the best interest of such individual to undertake such training or education.