686 So.2d 665 (1996)
LOCKHEED SPACE OPERATIONS and Aetna Life & Casualty Company, Appellants,
v.
Bettie LANGWORTHY, Appellee.
No. 96-1260.
District Court of Appeal of Florida, First District.
December 12, 1996.
*666 Wayne Johnson of De Ciccio, Herzfeld & Rubin, Orlando, for Appellants.
Debra H. Pierce of Lloyd, Hoskins & Pierce, P.A., Fort Pierce, for Appellee.
DAVIS, Judge.
Lockheed Space Operations and Aetna Life and Casualty Company (employer and carrier respectively, hereinafter e/c), appeal an order of the Judge of Compensation Claims (JCC) denying their motion to compel claimant Bettie Langworthy to participate in a reemployment assessment[1] pursuant to section 440.491(4)(Supp.1994). Ms. Langworthy was injured in 1987. She reached maximum medical improvement (MMI) in 1993. Since that time she has been employed part-time and receiving wage loss benefits. The e/c believe Ms. Langworthy is underemployed, and sent her a letter requesting her participation in a reemployment assessment pursuant to section 440.491(4), Florida Statutes (Supp.1994). Ms. Langworthy refused to attend, and the e/c moved to compel her participation. The JCC denied the motion to compel, ruling that section 440.491(4) cannot be applied retroactively to this claimant. As the basis for his ruling, the JCC reasoned that section 440.491(4) shifts the cost of providing rehabilitation back to the employer/carrier, and is therefore substantive. The issue in this case is whether section 440.491(4) is substantive or procedural. We conclude that section 440.491(4)(Supp.1994) is procedural and, accordingly, we reverse.
Substantive provisions are those which affect the rights or duties of the parties. Alamo-Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994). Ms. Langworthy has never suggested that this statute has any impact on her substantive rights, obligations or duties. We note that the obligation to cooperate by participating in such an evaluation may be analogized to the obligation considered merely procedural in Ace Disposal v. Holley, 668 So.2d 645 (Fla. 1st DCA), review denied mem., 676 So.2d 1368 (Fla.1996). Just as in Ace Disposal v. Holley, this statute does not impose a penalty and has no effect on the total amount of benefits to which the claimant may be entitled. See also Litvin v. St. Lucie County Sheriff's Dep't, 599 So.2d 1353, 1355 (Fla. 1st DCA); review denied mem., 613 So.2d 6 (Fla.1992); cert. denied mem., 508 U.S. 913, 113 S.Ct. 2350, 124 L.Ed.2d 258 (1993)(amendment relating "to the time, manner, scope and circumstances under which a job search report must be made" deemed procedural). In W.R. Grace & Co. v. Marshall, 405 So.2d 444, 445 (Fla. 1st DCA 1981) this court held that the legislature's enactment of an evaluatory tool was procedural and not substantive. There, this court addressed the question whether a JCC erred in concluding that a claimant was PTD and contemporaneously ordering an evaluation for vocational rehabilitation. This court held that section 440.49(1)(c)(1979), under which, prior to adjudicating a claimant PTD, the deputy commissioner was required to determine whether there was a reasonable probability that the claimant could be vocationally rehabilitated, was "plainly procedural."
In the present case, the JCC did not rule that the provision was substantive because of any impact it has on the claimant. The sole *667 basis for the JCC's ruling that this subsection is substantive was his conclusion that the statute alters the rights, obligations and duties of the e/c because it shifts the cost of rehabilitation back to the carrier from the Division. But at the time of the claimant's accident the cost of rehabilitation was borne by the e/c. See § 440.49(1)(a), Fla. Stat. (1987). The legislature altered that obligation in the 1989 statutes, see section 440.49(1)(a), Florida Statutes (1989). If that was the determining factor, the JCC would have erred in concluding that the rights of the e/c had been substantively altered by returning to the law as it existed at the time of the claimant's injury.
However, this case does not involve the question of shifting the cost of rehabilitation. Subsection 440.491(4)(a) provides, in pertinent part: "The carrier may require the employee to receive a reemployment assessment as it considers appropriate...." The provision at issue in this case is merely an assessment, an evaluative tool made available to the e/c at their own cost but also at their own option. The "reemployment assessment" created and defined in the 1994 amendments to the Florida Workers' Compensation Act is a new tool for determining the status of the claimant and assisting in the goal of returning injured workers to full employment. This section contains no provision permitting the claimant to request an assessment. The new statute imposes no duties or obligations on the carrier, which has total autonomy in making the decision whether to seek a reemployment assessment. Nor does this provision impose any further obligations on either the claimant or the e/c by virtue of having participated in or performed this assessment. For that reason, the cases relied upon below are not controlling here. Clay Hyder Trucking v. Atherton, 450 So.2d 318, 320 (Fla. 1st DCA 1984) distinguished between the substantive responsibility to pay for rehabilitation and the procedural obligation to evaluate the claimant's ability to achieve suitable gainful employment if provided with appropriate training and education. Fairchild Aircraft v. Raybon, 634 So.2d 801, 805 (Fla. 1st DCA 1994) also distinguished between the substantive cost of providing rehabilitation and the procedural obligation to make a finding regarding the probability of restoring the claimant to employability through training or education. Thus, the JCC erred in concluding that this subsection alters the substantive rights of the carrier and therefore is inapplicable to the claimant.
Accordingly, we REVERSE the decision that this is a substantive enactment, and REMAND for further proceedings consistent with this opinion.
ERVIN and KAHN, JJ., concur.
NOTES
[1] "`Reemployment assessment' means a written assessment performed by a qualified rehabilitation provider which provides a comprehensive review of the medical diagnosis, treatment, and prognosis; includes conferences with the employer, physician, and claimant; and recommends a cost-effective physical and vocational rehabilitation plan to assist the employee in returning to suitable gainful employment." § 440.491(1)(d), Fla. Stat. (Supp.1994).