KAHN, Judge.
In this workers’. compensation case, Barnett Bank of Volusia County and Aetna Life and Casualty Company (E/C) appeal an order of the judge of compensation claims (JCC) denying their motion to compel an evaluation of the claimant pursuant to section 440.15(l)(e), Florida Statutes (Supp.1994). The JCC determined that section 440.15(l)(e) effected a substantive change and thus did not apply in this case as the claimant’s accident occurred in 1990. We reverse because section 440.15(l)(e) effects a procedural, not a substantive, change.
Section 440.15(l)(e) provides:
440.15 Compensation for disability.— Compensation for disability shall be paid to the employee, subject to the limits provided in s. 440.12(2), as follows:
(1) PERMANENT TOTAL DISABILITY.—
* * * * * ⅜
(e)l. The employer’s or carrier’s right to conduct vocational evaluations or testing pursuant to s. 440.491 continues even after the employee has been accepted or adjudicated as entitled to compensation under this chapter. This right includes, but is not limited to, instances in which such evaluations or tests are recommended by a treating physician or independent medical-examination physician, instances warranted by a change in the employee’s medical condition, or instances in which the employee appears to be making appropriate progress in recuperation. This right may not be exercised more than once every calendar year.
2. The carrier must confirm the scheduling of the vocational evaluation or testing in writing, and must notify employee’s counsel, if any, at least 7 days before the date on which vocational evaluation or testing is scheduled to occur.
3. Pursuant to an order of the judge of compensation claims, the employer or carrier may withhold payment of benefits for permanent total disability or supplements for any period during which the employee willfully fails or refuses to appear without good cause for the scheduled vocational evaluation or testing.
Section 440.15(l)(e) provides an investigatory tool for determining the status of the claimant and assisting in the goal of returning injured workers to full employment. See Lockheed Space Operations v. Langworthy, 686 So.2d 665 (Fla. 1st DCA 1996). Like the provision at issue in Langworthy, this statute does not impose a new obligation or requirement on the E/C and it does not create a new right to which the claimant is entitled. The “evaluations or testing” referred to in section 440.15(l)(e) impose no additional duties or obligations upon the E/C because, as in Langworthy, these procedures are available solely at the option of the E/C. Cf. Southern Bakeries v. Cooper, 659 So.2d 389 (Fla. 1st DCA 1995). Although, pursuant to section 440.15(l)(e)3., the E/C may withhold payment of benefits if an employee fails to appear for a scheduled evaluation, this provision is analogous to the procedural provision at issue in Ace Disposal v. Holley, 668 So.2d 645 (Fla. 1st DCA 1996).
REVERSED.
BARFIELD, C.J. and DAVIS, J., concur.