VAN NORTWICK, J.
In this workers’ compensation appeal, the claimant, Charles T. Eckert, appeals an order of the Judge of Compensation Claims (JCC) granting the motion of the employer/carrier, Publix Supermarkets, Inc. and Specialty Risk Services, Inc., ap-pellees, to compel Eckert to attend a vocational evaluation. Finding that the statutory preconditions of section 440.491(6)(a), Florida Statutes (1999) for obtaining a vocational evaluation were not met, we reverse.
Eckert was injured while working as a meat cutter for Publix on November 22, 1986 and was accepted as permanently totally disabled (PTD) effective January 12, 1995. Nearly three years later, the employer/carrier sought to compel claimant to undergo a re-employment assessment, but claimant resisted contending that the employer/carrier was not entitled to a re-employment assessment once claimant reached PTD. The JCC granted the employer/carrier’s motion to compel. Claimant sought certiorari review, but this court denied the petition. Eckert v. Publix Supermarkets, Inc., 718 So.2d 174 (Fla. 1st DCA 1998). Claimant submitted to the re-employment assessment.
On April 19, 2000, the employer/carrier filed a motion to compel a vocational evaluation and/or re-employment assessment. The employer/carrier requested the following adjudication:
Accordingly, the Employer/Carrier requests that the JCC issue an Order requiring that the Claimant appear for a Vocational Evaluation and/or re-employment assessment as authorized pursuant to F.S. 440.15(l)(e)l and further that should the Claimant willfully fail or refuse to appear without good cause for the scheduled Vocational Evaluation or testing, that the Employer/Carrier may withhold payment of permanent total disability benefits/supplements for any period during which the Claimant continues to refuse to appear.
In the motion, the employer/carrier asserted that it had scheduled a vocational evaluation for the claimant pursuant to section 440.15(l)(e)l. In response, the claimant argued that under section 440.491(6)(a) the employer/carrier was not permitted to mandate a vocational evaluation.
The JCC granted the employer/carrier’s motion and ordered the claimant to appear *1189 for a “vocational evaluation” pursuant to section 440.15(l)(e)l, adding that failure to appear would result in his PTD benefits being withheld. Claimant appealed. This court has stayed the JCC’s order until issuance of the mandate in this case.
Section 440.15(l)(e)l, Florida Statutes (1999), provides that “[t]he employer’s or carrier’s right to conduct vocational evaluations or testing pursuant to s. 440.491, continues” even after an employee has been accepted or adjudicated as entitled to PTD benefits under the Workers’ Compensation Act. See Barnett Bank of Volusia County v. Pelle, 684 So.2d 311, 312 (Fla. 1st DCA 1996). This provision has been described as “an investigatory tool for determining the status of the claimant and assisting in the goal of returning injured workers to full employment.” Id.
As provided in section 440.491(2), it is the intent of section 440.491 to set forth certain analytic devices to be used to predict the scope of an employee’s long term disability and to provide re-employment services to an employee in order to assist the employee in returning to work as soon as is medically feasible. Both section 440.15(l)(e)l and section 440.491(4) were enacted as part of the 1994 Amendments to the Workers’ Compensation Act. Nevertheless, the provisions apply to cases involving accidents which took place prior to the effective date of the provisions, because these provisions have been determined to have effected only a procedural change in the law and not a substantive change. See Lockheed Space Operations v. Langworthy, 686 So.2d 665, 666-67 (Fla. 1st DCA 1996); Pelle, 684 So.2d at 312. Similarly, section 440.491(6) also effected only a procedural change. Id.
Included within section 440.491 are provisions governing “re-employment assessments,” in section 440.491(4), and “vocational evaluations,” in section 440.491(6). A “re-employment assessment” is defined as
[A] written assessment performed by a qualified rehabilitation provider which provides a comprehensive review of the medical diagnosis, treatment, and prognosis; includes, conferences with the employer, physician, and claimant; and recommends a cost-effective physical and vocational rehabilitation plan to assist the employee in returning to suitable gainful employment.
Section 440.491(1) (d), Florida Statutes (1999). A “vocational evaluation” is defined as,
[A] review of the employee’s physical and intellectual capabilities, his or her aptitudes and achievements, and his or her work related behaviors to identify the most cost-effective means toward the employee’s return to suitable gainful employment.
Section 440.491(1) (h), Florida Statutes (1999).
Under section 440.491(4)(a) and (b), a carrier may require an employee to receive a “re-employment assessment” when it considers such to be appropriate and “shall authorize only a qualified rehabilitation provider to provide that re-employment assessment.” Under section 440.491(6)(a), an employer or a carrier is not granted the authority to require an employee to undergo a “vocational evaluation.” Rather, under this subsection, a carrier may refer an employee to the Division of Workers’ Compensation of the Florida Department of Labor and Employment Security, and the Division has the authority to determine whether a vocational evaluation of the employee is necessary.
*1190 While the employer/carrier in this case attempts to treat a “re-employment assessment” and a “vocational evaluation” as interchangeable, the statutory framework clearly distinguishes between the two. As explained in the Florida Workers’ Compensation Handbook:
Re-employment services include vocational counseling, job seeking skills training, ergonomic job analysis, trans-ferrable skills analysis, selective job placement, and labor-market surveys. It also includes arranging training, education, and on-the-job vocational training. What happens if the rehabilitation provider decides that the injured worker requires retraining to return to work? Re-employment services must stop, and the carrier must refer the injured worker to the Division.
John J. Dubreuil, Florida Workers’ Compensation Handbook (2000 ed.) § 17.06[1]. Further,
[f]or an injured worker to obtain retraining the carrier or the employee must file a request with the Division. Within 10 days after receiving the request, the Division will assign an evaluator. An exception arises if the injured worker and the employer have already agreed on an evaluator. The evaluator’s job is to decide if training and education is appropriate. Once assigned, the evaluator has 30 days to submit the results to the Division, employer, and employee, (citation omitted).
Id. at § 17.05[1].
We conclude that section 440.15(l)(e)l was written to ensure that section 440.491 applied to PTD claimants- as well as claimants suffering temporary total disability, temporary partial disability or wage loss. See § 440.491(3)(a). Whatever right section 440.15(l)(e)l grants to the employer and carrier with regard to conducting “vocational evaluations or testing,” the statute expressly requires that that right be exercised pursuant to section 440.491. Thus, section 440.491 controls the manner of conducting re-employment assessments and vocational evaluations, and that statute clearly gives only the Division the authority to schedule a vocational evaluation. § 440.491(6)(a), Fla.Stat. (1999). Under subsection (6)(a) to section 440.491, while the carrier has the right to make a referral for vocational screening, the carrier does not have the right to schedule a claimant to undergo vocational evaluation. Under this subsection, it is only the Division who is authorized to conduct a training and education screening to determine whether an employee should be referred for a vocational evaluation.
Thus, here, before the employer/carrier could file a motion to compel a vocational evaluation before the JCC, the employer/carrier was required to show that the preconditions of section 440.491(6)(a) were met. Specifically, the employer/carrier must establish: (1) that the claimant had been referred to the Division for a vocational evaluation; (2) that the Division had recommended a vocational evaluation; and (3) that Eckert failed or refused to appear for that evaluation. As the employer/carrier had not satisfied these preconditions in the case on appeal, the JCC erred in entering an order compelling claimant to undergo a vocational evaluation.
Accordingly, the JCC’s order is REVERSED. Our reversal is without prejudice to the employer/carrier’s requesting a re-employment assessment under the provisions of section 440.491(4), Florida Statutes (1999).
BENTON and LEWIS, JJ., concur.