WOLF, J.
Petitioner Leonard Douglas, the claimant in a workers’ compensation proceeding, seeks certiorari review of an order of the Judge of Compensation Claims (JCC) compelling him to submit to a vocational evaluation by an expert retained by the employer/carrier (E/C). Petitioner asks this court to quash the JCC’s order on grounds that it constitutes a departure from the essential requirements of the law and will result in irreparable harm to him. We disagree, and deny the relief requested.[1]
In July 2004, claimant filed a petition for benefits (PFB) in which he sought, among other things, permanent and total disability (PTD) benefits, from March 30, 2004, to the present and continuing, in connection with a work-related accident that occurred in 1972. In their pretrial stipulation, the parties indicated that this case not only involved the 1972 accident, but also an accident that occurred in July 2001.
On or about March 8, 2005, in anticipation of the final hearing on the PFB, then scheduled to take place on April 14, 2005, the employer/carrier (E/C) filed a motion to compel claimant to submit to a vocational evaluation by the E/C’s retained expert. In the motion, the E/C alleged that their vocational expert had “unsuccessfully” attempted to coordinate with claimant’s counsel the scheduling of the proposed vocational evaluation, but claimant’s attorney had not returned any of the expert’s or E/C’s counsel’s telephone calls or an e-mail sent by the E/C’s attorney. In response to the E/C’s motion, claimant’s attorney submitted a letter memorandum indicating that, as set forth in this court’s opinion in Eckert v. Publix Supermarkets, Inc., 783 So.2d 1187 (Fla. 1st DCA 2001), only the Division of Workers’ Compensation of the Florida Department of Financial Services (Division), and not the E/C, had the authority to schedule a vocational evaluation of the claimant.
*752 On March 18, 2005, the JCC entered the order on review compelling claimant to submit to a vocational evaluation by the E/C’s retained expert, and determining the Eckert holding inapplicable in the context of this case. We find that the JCC properly concluded, albeit for reasons other than those set forth in the order on review, that this court’s opinion in Eckert did not preclude the E/C from scheduling and obtaining a vocational evaluation of claimant.
Claimant has correctly pointed out in his petition that, under sections 440.15(l)(e)l. and 440.491, Florida Statutes, as they existed prior to 2003, the E/C did not have the statutory authority to independently require a claimant to submit to a vocational evaluation; instead, the provisions, when read together, only provided the E/C with the right to refer a claimant to the Division for the Division to determine whether a vocational evaluation of the claimant was necessary. See id. at 1189-90. As the court explained in Eckert,
Whatever right section 440.15(l)(e)l grants to the employer and carrier with regard to conducting “vocational evaluations or testing,” the statute expressly requires that that right be exercised pursuant to section 440.491. Thus, section 440.491 controls the manner of conducting re-employment assessments and vocational evaluations, and that statute clearly gives only the Division the authority to schedule a vocational evaluation. § 440.491(6)(a), Fla. Stat. (1999). Under subsection (6)(a) to section 440.491, while the carrier has the right to make a referral for vocational screening, the carrier does not have the right to schedule a claimant to undergo vocational evaluation. Under this subsection, it is only the Division who is authorized to conduct a training and education screening to determine whether an employee should be referred for a vocational evaluation.
Id. at 1190.
However, as the E/C have pointed out in their response to the petition, the Legislature amended section 440.15(l)(e)l. in 2003 to delete the phrase “pursuant to s. 440.491,” which the court in Eckert had specifically relied on in concluding that only the Division had the authority to schedule a vocational evaluation of a particular claimant. See ch. 2003-412, § 18, at 3918, Laws of Fla. Moreover, the Legislature also specifically amended the statute to now provide the E/C with the “right to conduct vocational evaluations or testing by the employer’s or carrier’s chosen rehabilitation advisor or provider.” § 440.15(l)(e)l., Fla. Stat. (2004); see also ch. 2003-412, § 18, at 3918, Laws of Fla. Although these statutory changes occurred after the relevant dates of accident in this case, they were, like the changes which enacted the statutory framework at issue in Eckert, procedural and not substantive changes in the law, making them applicable in cases involving dates of accident before the effective date of the amendments. See Pelle, 684 So.2d at 312 (holding that the investigatory right given to employers and carriers in section 440.15(l)(e)l., as amended in 1994, was procedural in nature, rather than substantive, and therefore applicable in cases involving accidents occurring before the effective date of the 1994 amendments). In fact, this construction of the effect of the 2003 amendment is consistent with the interpretation given the amendment by at least one reputable commentator on workers’ compensation law:
With the apparent intent to overrule ease law, the Legislature amended [section 440.15(l)(e)l.] effective October 1, 2003, to provide that the carrier has the right to conduct such annual testing by a *753 rehabilitation provider of .the carrier’s choice.... [T]he amendment repeals the requirement that vocational testing be done pursuant to § 440.491, Fla. Stat. Since it was the reference to § 440.491, Fla. Stat. that led to the court’s decision in Eckert, it appears the court’s holding has been effectively overruled.
Note that the court has previously held that the original version of § 440.15(l)(e), Fla. Stat. was a procedural amendment that applied to all accident dates. Therefore, this amendment is logically also procedural and applies to all accident dates.
John J. Dubreuil, Florida Workers’ Compensation Handbook § 13.52[5][b] (2005).
Because we find the 2003 amendments to be applicable, we deny the petition.
HAWKES and THOMAS, JJ., concur.

. Arguably petitioner should have sought review of the JCC's order by appeal. See Flowers v. Above-All-Roofing, Inc., 737 So.2d 594, 595 (Fla. 1st DCA 1999) (reviewing by appeal an order determining that the E/C were "entitled to a vocational evaluation of the claimant pursuant to section 440.15(l)(e) and section 440.491, Florida Statutes (1997)”); Barnett Bank of Volusia County v. Pelle, 684 So.2d 311, 312 (Fla. 1st DCA 1996) (reviewing by appeal an order denying the E/C's "motion to compel an evaluation of the claimant pursuant to section 440.15(l)(e), Florida Statutes (Supp.1994)”); see also Lockheed Space Operations v. Langworthy, 686 So.2d 665, 666 (Fla. 1st DCA 1996) (reviewing by appeal an order denying the E/C's "motion to compel claimant ... to participate in a reemployment assessment pursuant to section 440.491(4)(Supp.l994)”) (footnote omitted). The rationale behind such orders being ap-pealable appears to be that, given the arguments generally raised in opposition to such orders, they constitute appealable non-final orders adjudicating the jurisdiction of the JCC to determine the E/C’s entitlement to a vocational evaluation. See Fla. R.App. P. 9.180(b)(1)(A); see also Delgado v. J.C. Concrete, 721 So.2d 353, 354 (Fla. 1st DCA 1998) (concluding that an order compelling an independent medical examination (IME) of claimant within the context of a utilization review, even if viewed as a non-final order, was ap-pealable as an appealable non-final order adjudicating the JCC’s subject matter jurisdiction to determine the E/C’s entitlement to the IME where the claimant had challenged in the proceedings below the JCC's authority to compel the IME). However, it is unnecessary for us to decide whether review of the order was appropriately sought by certiorari because petitioner’s arguments are unpersuasive even if this were an appeal.